### THOMAS v. MATTHIESSEN.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

#### No. 51.

1. CORPORATIONS (§ 639*)—FOREIGN CORPORATIONS—STOCKHOLDERS—LIABILITY.

Const. Cal. art. 12, § 3, making stockholders of domestic corporations personally liable for the company's debts to the amount of their stock, and section 15, which provides that no foreign corporation shall be allowed to do business in the state on more favorable conditions than are prescribed by law for domestic corporations, do not make a nonresident stockholder of a foreign corporation which operates a hotel in California, liable for debts of the corporation incurred in California where the charter exempts stockholders from liability for corporate debts.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 639.*

Status of foreign corporations, see note to Republican Mountain Silver Mines v. Brown, 7 C. C. A. 419.]

2. CORPORATIONS (§ 243*)—STOCKHOLDERS—LIABILITY—LEGISLATIVE POWER.

A state incorporating a company may, by statute, make the stockholders liable for corporate debts, irrespective of their residence.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 243.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Frank N. Thomas against Conrad H. Matthiessen. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 170 Fed. 362.

Alfred A. Wheat, for plaintiff.

Steele & Otis (Arthur C. Rounds and Harold Otis, of counsel), for defendant.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. [1, 2] The plaintiff, assignee of a California bank, sues the defendant, a citizen and resident of New York, and a holder of full paid stock of an Arizona corporation, for such proportion of a debt incurred by that corporation in the state of California as his stock in the corporation bears to the whole of its subscribed capital stock.

The charter of the Arizona corporation provides that it may carry on the business of building and operating hotels anywhere and that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its principal place of business outside of Arizona shall be the city of Pasadena.

The charter was filed in the office of the Secretary of State of California and a person designated upon whom process might be served.

It is stipulated by the parties inter alia:

"That at the time the defendant subscribed for said stock it was the purpose and intent of himself and of the other subscribers for stock in said Wentworth Hotel Company that said company should have the power among others to erect a hotel and engage in the hotel business near the city of Pasadena in the state of California, and that it would probably erect such a hotel and engage in such business, but it was the purpose and intent of such subscribers that their obligations as such and as stockholders in said company should be controlled and determined by the articles of incorporation of said company and by the laws of Arizona."

The charter further provides:

"The private property of the stockholders of this corporation shall be and is hereby made forever exempt from all liability for its debts or obligations."

The ground on which the plaintiff claims to recover is that the Constitution of California (article 12, § 3) makes stockholders of its own corporations personally liable for the company's debts to this extent, and further provides (section 15) that no corporation organized outside of the state shall be allowed to do business within the state on more favorable conditions than are prescribed by law for its own corporations. Section 322 of the Civil Code of California prescribes the manner in which suits against stockholders shall be brought.

That the state incorporating a company may by statute impose such liability upon stockholders irrespective of their residence which may be enforced everywhere is well settled. Such a liability, though created by statute, is of a contractual nature, because those who become stockholders are presumed to have assented to it. Whitman v. Bank, 176 U. S. 559, 563, 20 Sup. Ct. 477, 44 L. Ed. 587. The theory upon which it is sought to recover of the defendant is that he must be presumed to have assented to be bound by the laws of California in respect to any business done by the corporation there, and so to have subjected himself to that additional liability. If such an assent may be assumed, then the plaintiff is entitled to recover of the defendant in any court which has jurisdiction of his person, notwithstanding that he is a resident and citizen of the state of New York, and that the charter of Arizona does not impose such liability upon him.

The plaintiff relies on the case of Pinney v. Nelson, 183 U. S. 144, 22 Sup. Ct. 52, 46 L. Ed. 125, in which just this additional liability under the laws of California was sought to be imposed upon a citizen and resident of California who was a stockholder of a Colorado corporation by the laws of which state there was no personal liability of stockholders. The charter provided that the company was created for the purpose of carrying on part of its business outside of Colorado and principally in California. Nothing was said about the extent of the liability of stockholders.

It is said that, this decision being on writ of error to the state court, the only question upon which the Supreme Court passed was the

federal question by virtue of which the cause was brought up, viz., whether the California statute impaired the obligation of the stockholder's contract, deprived him of his property without due process of law, and denied him the equal protection of the laws and was therefore unconstitutional. But the reasoning of the Supreme Court disposed of the whole case.

Mr. Justice Brewer said:

"Passing to a consideration of the stockholders' contract in the light of the other contention, it may be said that ordinarily it is controlled by the law of the state in which the incorporation is had. That is the place of contract, and generally the law of the place where a contract is made governs its nature, interpretation, and obligation. While this is so, it is also true that parties in making a contract may have in view some other law than that of the place, and, when that is so, that other law will control. That the parties have some other law in view and contract with reference to it is shown by an express declaration to that effect. In the absence of such declaration, it may be disclosed by the terms of the contract and the purpose with which it is entered into. * * * Now, when they in terms specified that they were framing a corporation for the purpose of having that corporation do business in California, is it not clear that they were contracting with reference to the laws of that state? Contracting with reference to the laws of that state they must be assumed to know the provisions of those laws, that by them a personal liability was cast upon the stockholders in corporations formed under the laws of the state, and that that same liability was also imposed upon the stockholders of corporations formed under the laws of other states and doing business within California. How can it be said that those laws do not enter into the contract and control as to all business done in pursuance of that contract within the limits of California?"

And the opinion ended up with this sentence:

"All that we here hold is that when a corporation is formed in one state, and by the express terms of its charter it is created for doing business in another state, and business is done in that state, it must be assumed that the charter contract was made with reference to its laws; and the liabilities which those laws impose will attend the transaction of such business."

It is quite evident that stockholders are bound by the statutes of the incorporating state, whether they assent to them or not, and that they are bound by the statutes of another state in which the corporation does business if they have assented to be so bound. Such an assent was found by the Supreme Court in the Pinney Case to be implied from the terms and purpose of the charter, but we do not see how it could be implied if the charter contained an express provision to the contrary.

If a corporation whose stockholders were not personally liable and whose charter said nothing about doing business in California did do business there, could it be said that the stockholders had assented to be bound by the law of California imposing an additional personal liability? It could hardly be contended that in the language of Mr. Justice Brewer, "they were contracting with reference to the laws of that state."

Or, if a corporation whose stockholders were made personally liable by the incorporating state did business in accordance with the provision of its charter in another state which prohibited foreign corporations from doing business there except upon the same terms as its own corporations and stockholders of its own corporations were not

192 F.—32

personally liable, could it be assumed as against their contract that they did not intend to be personally liable upon its contracts made in the nonincorporating state?

To arrive at such a result there must be something more than the law of the nonincorporating state. Doubtless it could prohibit a corporation whose charter relieved its stockholders from all personal liability from doing business in the state, could drive it from the state, could penalize it and its officers and agents for attempting to do business in the state; but we do not think it could ex proprio vigore make a contract for the stockholders to be bound by its provisions. If it could, corporate stock is liable to become in this country an uncertain and even dangerous asset. In the language of Lord Justice Romer in Risdon v. Furness, L. R. (1906) 1 K. B. 59:

"I need hardly point out that the shareholder and the company are different entities, and that the judgment obtained abroad is a judgment against the company, which prima facie does not affect the shareholder. If the shareholder and the company are treated as different entities, the plaintiffs cannot by law enforceable in this country say that the company, trading in California, must, though, without authority from the shareholder, nevertheless be held to have contracted so as to make him liable."

The Risdon Case was a suit against a stockholder of an English corporation registered in California, and doing business there, to recover his proportion of debts contracted by the company in California. The charter covered the doing of a mining business anywhere in the world and expressly in the United States. The court held that, if the inference could be drawn from the facts in Pinney v. Nelson that the stockholders had agreed to be bound by the law of California, such inference could not be drawn in the case under consideration. Both courts were inquiring about the stockholders' contract and considering the question of the stockholders' consent. The construction adopted in the Risdon Case was more favorable to stockholders than was that of Pinney v. Nelson, but we do not think the latter requires us to assume an intention upon the part of stockholders which contradicts the express provisions of their charter.

The judgment is affirmed with costs.