# THOMAS v. MATTHIESSEN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 171.   Argued January 19, 1914.—Decided February 2, 1914.

While a corporation cannot, without authority from the stockholders, make them answerable in a way not contemplated by the charter, a provision in the charter of a corporation organized in one State authorizing it to do business in another State may subject the stock-

holders to the liability imposed in the latter State, notwithstanding there are other provisions in the charter exempting stockholders from liability for debts of the corporation.

Stockholders of a corporation organized in one State under a charter expressly authorizing it to do business in another State create the corporation their agent for the making of contracts within the latter State in accordance with its laws.

Stockholders of a corporation organized in Arizona under a charter which expressly authorized the corporation to do business in California *held*, in this case, subject to the liability imposed by § 322, Civil Code of the latter State.

Under the laws of California a stockholder is liable for his proportion of the debts of the corporation as a principal and not as a surety; nor in this case was he relieved of liability on notes held by a bank which had deposits to the credit of the corporation and did not apply the same to payment of the notes.

192 Fed. Rep. 495, reversed.

THE facts, which involve the liability under the laws of California of a stockholder of a corporation organized in Arizona for the purpose of carrying on business in California, are stated in the opinion.

*Mr. Alfred Adams Wheat*, with whom *Mr. Philip Ashton Rollins* was on the brief, for petitioner:

This case is controlled by *Pinney* v. *Nelson*, 183 U. S. 144, the doctrine enunciated in which has been accepted by the courts of California and has been approved by *State* v. *New Orleans Warehouse Co.*, 109 Louisiana, 72. See also *Peck* v. *Noee*, 154 California, 341.

In *Thomas* v. *Wentworth Hotel Co.*, 158 California, 275, the court met every point that could be used to distinguish this case from *Pinney* v. *Nelson*, except the facts that defendant is not a resident of California, and that there is a finding of fact that it was the purpose and intent of subscribers that their obligations as such and as stockholders should be controlled and determined by the articles of incorporation of said company and by the laws of Arizona. Neither of these findings supplies a sound rea-

son for varying the rule and therefore defendant is liable under the law of California.

The fact that the articles of incorporation contain a declaration, as authorized by the Arizona law, that the stockholders shall not be personally liable for the debts of the corporation, does not distinguish this case from *Pinney* v. *Nelson.* See 26 Am. & Eng. Enc. (2d ed.), 1017; *Terry* v. *Little,* 101 U. S. 216; *Citizens Savings Bank* v. *Owensboro,* 173 U. S. 636, 644; *Knights of Pythias* v. *Weller,* 93 Virginia, 605, 613; *Danville* v. *Water Co.,* 178 Illinois, 299, 306.

The finding that it was the purpose and intent of the stockholders that their obligations should be controlled by the articles of incorporation and by the laws of Arizona, does not distinguish this case from *Pinney* v. *Nelson.* *Risdon Iron Works* v. *Furness,* L. R. (1906) 1 K. B. 49, does not apply. See Keener on Quasi-Contracts, p. 5.

The fact that defendant is not a resident of California does not distinguish this case from *Pinney* v. *Nelson.*

As defendant contracted to assume the liabilities imposed by the California law for debts incurred by the corporation in that State the place of his residence is not material.

The stockholders' liability imposed by the law of California is contractual in nature. *Kennedy* v. *California Bank,* 97 California, 93; *Flash* v. *Conn,* 109 U. S. 371; *Whitman* v. *Oxford Bank,* 176 U. S. 559; 26 Am. & Eng. Enc. (2d ed.), 1020.

Plaintiff pursued the proper remedy in a court of adequate jurisdiction.

The United States courts have jurisdiction to enforce such a liability outside of the State where it was created. *Bernheimer* v. *Converse,* 206 U. S. 516, 529; *Whitman* v. *Oxford Bank,* 176 U. S. 558, 563; *Flash* v. *Conn,* 109 U. S. 371; Cook on Corp., § 223, n. 2; *Ferguson* v. *Sherman,* 116 California, 169, 173.

The California statute provides no peculiar remedy and therefore the general liability created thereby may be enforced by a common-law action in the Federal court. *Mills* v. *Scott*, 99 U. S. 25; *National Park Bank* v. *Peary*, 64 Fed. Rep. 912; *Aldrich* v. *Anchor Coal Co.*, 24 Oregon, 32.

The liability of a stockholder under the California law is not that of a surety but is primary, absolute, unconditional, and in no wise contingent, and it is distinct from that of the corporation. A suspension or bar of the remedy against the corporation does not suspend or bar it against the stockholder. It is not affected by any security given to or held by the creditor or by any lien acquired by him through judgment, attachment or otherwise. It is not released or diminished by any extension of time given to the corporation, and if the stockholder discharges his liability to a creditor he can recover no portion of the same back, either by subrogation or otherwise. *Mokelumne Hill Co.* v. *Woodburn*, 14 California, 265; *Davidson* v. *Rankin*, 34 California, 503; *Young* v. *Rosenbaum*, 39 California, 646; *Sonoma Valley Bank* v. *Hill*, 59 California, 107; *Faymonville* v. *McCullough*, 59 California, 285; *Mitchell* v. *Beekman*, 64 California, 383; *In re California Ins. Co.*, 81 California, 364; *Hyman* v. *Coleman*, 82 California, 650; *Knowles* v. *Sandercock*, 107 California, 629; *Herman* v. *Hecht*, 116 California, 553; *Sacramento Bank* v. *Pacific Bank*, 124 California, 147; *Morrow* v. *Superior Court*, 64 California, 383; *Neilson* v. *Crawford*, 52 California, 248.

Even though the personal liability of a stockholder under the California law were merely that of a surety the facts alleged in the supplemental answer would not constitute a defense.

A bank, the payee or holder of a note, does not discharge a surety by failing to apply money of the maker which happens to be on deposit at or after the time the note matures. *Strong* v. *Foster*, 17 C. B. 217; *Citizens Bank* v. *Elliott*, 9 Kans. App. 797; *Martin* v. *Mechanics*

*Bank,* 6 Har. & J. (Md.) 235; *McShane* v. *Howard Bank,* 73 Maryland, 135; *Citizens Bank* v. *Booze,* 75 Mo. App. 189; *Houston* v. *Braden,* 37 S. W. Rep. 467; *Bank of British Columbia* v. *Jeffs,* 15 Washington, 230; *National Bank* v. *Peck,* 127 Massachusetts, 301; *Voss* v. *German-Am. Bank,* 83 Illinois, 599; *National Bank* v. *Smith,* 66 N. Y. 271; *Glazier* v. *Douglass,* 32 Connecticut, 383.

Plaintiff's failure to prosecute diligently his action against the corporation did not release defendant, even though his liability was merely that of a surety. *Lowman* v. *Yates,* 37 N. Y. 601; *Douglass* v. *Ferris,* 138 N. Y. 192; *McKin* v. *Williams,* 134 Massachusetts, 13; *Greenway* v. *Orthwein Grain Co.,* 85 Fed. Rep. 536; *Hunt* v. *Purdy,* 82 N. Y. 486; *Jones* v. *Allen,* 85 Fed. Rep. 523; *Biggins* v. *Raisch,* 107 California, 210; *Monroe County* v. *Otis,* 62 N. Y. 88; *Clark* v. *Sickler,* 64 N. Y. 231.

The judgment should be reversed, and, as all the material facts have been stipulated and the damages recoverable are liquidated, no new trial should be awarded and the court below should be directed to render the proper judgment against defendant. *Rathbone* v. *Board of Commissioners,* 83 Fed. Rep. 125; *Irvine* v. *Angus,* 93 Fed. Rep. 629; *Churchill* v. *Buck,* 102 Fed. Rep. 38; *Ft. Scott* v. *Hickman,* 112 U. S. 150; *Allen* v. *St. Louis Bank,* 120 U. S. 20; *Saltonstall* v. *Russell,* 152 U. S. 628.

Under the California law the stockholder is liable for his *pro rata* share of interest as well as principal. *Wells, Fargo & Co.* v. *Enright,* 127 California, 669.

*Mr. Arthur C. Rounds,* with whom *Mr. Harold Otis* was on the brief, for respondent:

*Pinney* v. *Nelson,* 183 U. S. 144, does not establish the right of the petitioner to a recovery. In that case the only question decided by the California court was the constitutionality of § 322 of the Civil Code of California. That was the sole question presented for determination.

The decision in that case that when a corporation is formed in one State and "by the express terms of its charter it is created for doing business in another State and business is done in that State it must be assumed that the charter contract was made with reference to" the laws of the latter State, was expressly based upon the special and peculiar provision of the charter there under consideration, that the company was "created for doing business" in the other State. The court did not hold that if it clearly appeared upon a fair construction of the charter that the parties in fact contracted with a view to the laws of the incorporating State, the court must nevertheless assume the contrary in order to impose upon the stockholders a liability which they never agreed to assume and from which they were exempt by the laws of the incorporating State and by the company's express charter provisions. *Risdon Iron Works* v. *Furness*, L. R. (1905) 1 K. B. 304, *S. C.*, L. R. (1906) 1 K. B. 49; *Thomas* v. *Matthiessen*, 192 Fed. Rep. 495.

In this case the charter provided that the capital stock should be non-assessable, and that the private property of the stockholders in the company should be forever "exempt from all liability for its debts and obligations."

The trial below having been by the court without a jury, the court's findings of fact are not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties. *Norris* v. *Jackson*, 9 Wall. 125. And see *Miller* v. *Life Ins. Co.*, 12 Wall. 285; *Raimond* v. *Terre Bonne*, 132 U. S. 192; *Collins* v. *Riley*, 104 U. S. 322.

The law cannot read into the contract of the incorporators and stockholders an agreement to assume a liability under the California statute which is inconsistent with their actual intent and with the express stipulations of the charter. *Grover & Baker* v. *Radcliffe*, 137 U. S. 287.

Nor is the obligation *quasi*-contractual. *Buchanan* v. *Rucker*, 9 East, 192; *Pennoyer* v. *Neff*, 95 U. S. 714, 722,

*Huntington* v. *Attrill*, 146 U. S. 657, 669; *Freeman* v. *Alderson*, 119 U. S. 185, 188.

The right of a corporation to exist rests upon and is derived from the laws of the incorporating State and its powers are conferred upon it by those laws subject to such restrictions and limitations as they may prescribe. *Canada Southern R. R. Co.* v. *Gebhard*, 109 U. S. 527, 537; *Nashua Savings Bank* v. *Anglo-American Co.*, 189 U. S. 221, 320; *Christopher* v. *Norvell*, 201 U. S. 216, 228.

No court outside of California has ever considered that the *Pinney Case* declared or was authority for any such rule of liability as petitioner contends. *Coulter Dry Goods Co.* v. *Rosenbaum*, 74 Misc. (N. Y.) 579. For other cases involving the existence or enforceability of liability of stockholders of this corporation, see *Thomas* v. *Wentworth Hotel Co.*, 158 California, 275; *S. C.*, 16 Cal. App. 403; *Peck* v. *Noee*, 154 California, 351. *State* v. *New Orleans Warehouse Co.*, 109 Louisiana, 72, distinguished.

If, under any such rule of liability as plaintiff contends for, innocent stockholders are chargeable not merely with the liabilities imposed by the law of the domicil of the corporation, but as well with the varying liabilities prescribed by the laws of the various States where the corporation under its charter powers, may engage in business, corporate stock is liable to become in this country an uncertain and even dangerous asset. *Thomas* v. *Matthiessen*, 192 Fed. Rep. 495, 498; *Leyner Engineering Works* v. *Kempner*, 163 Fed. Rep. 605, 608.

Defendant when he subscribed for his stock contracted with reference to the laws of Arizona. He did not agree to assume any liabilities under the California law. And the debts, which the hotel company subsequently contracted in California, were not binding upon or enforceable against him as contractual obligations.

The mere fact that the articles provided that the principal place of the company outside of Arizona should be in

California is not sufficient to overcome the inference as to the intent of the incorporators to contract with reference to the laws of Arizona.

While the laws of a foreign State in which the company may attempt to do business may prevent the doing of business or limit the exercise of the corporate powers, *Relfe* v. *Rundle*, 103 U. S. 222, 226, such laws cannot enlarge the powers of the corporation or provide for the conduct of its business in a way which is not permitted by the law of its incorporation. Nor can such laws affect the position of the stockholders in the company by enlarging, limiting or modifying their rights as members of the corporation or by altering their liabilities to its creditors as fixed by the law under and subject to which they became stockholders. *Railway Co.* v. *Allerton*, 18 Wall. 233, 235; *Christopher* v. *Norvell*, 201 U. S. 216, 226; *Miles* v. *Woodward*, 115 California, 308, 311; Morawetz on Corporations, § 874; *Nashua Savings Bank* v. *Anglo-American Co.*, 189 U. S. 221, 230; *Canada Southern R. R. Co.* v. *Gebhard*, 109 U. S. 527, 537. See also, *Glenn* v. *Liggett*, 135 U. S. 533, 548; *Hawkins* v. *Glenn*, 131 U. S. 319, 322; *Relfe* v. *Rundle*, 103 U. S. 222, 226; *Converse* v. *Hamilton*, 224 U. S. 243, 253; *O'Connor* v. *Witherby*, 111 California, 523, 527; *Merrick* v. *Van Santvoord*, 34 N. Y. 208, 216; *Converse* v. *Aetna Bank*, 79 Connecticut, 163, 169; *Risdon Locomotive Works* v. *Furness*, L. R. 1906, 1 K. B. 49; *S. C.*, L. R. 1905, 1 K. B. 304; *Leyner Engineering Works* v. *Kempner*, 163 Fed. Rep. 605.

The suggestion that a stockholder is liable under the statute as upon a contract because the corporation is the agent of the stockholders for the purpose of subjecting them to the liability, *Kennedy* v. *California Savings Bank*, 97 California, 93, 96; *McGowan* v. *McDonald*, 111 California, 57, 71, cannot be sustained, as the relationship between a stockholder and the corporation cannot prop-

erly be described as that of principal and agent or the liabilities of the stockholders be supported on principles of agency.

The court has found that the defendant agreed with the company, its incorporators and stockholders, that neither the company, its officers or agents should have power to subject the defendant or the other stockholders to any personal liability for the debts or obligations of the company.

It was competent for the creditors to waive their right of recourse against the stockholders. *Robinson* v. *Bidwell,* 22 California, 379, 388; *French* v. *Teschemaker,* 24 California, 518, 559–560; *Wells* v. *Black,* 117 California, 157, 161; *United States* v. *Stanford,* 161 U. S. 412.

The power of the company and its officers to bind the defendant for the debts of the company as defined and limited in the charter and by the agreement of the parties could not as against him, a non-resident of California, be enlarged by the statutes of that State. *Pope* v. *Nickerson,* 3 Story, 465, 475, 480; *Liverpool Steam Co.* v. *Phoenix Ins. Co.,* 129 U. S. 397, 449; *King* v. *Sarria,* 69 N. Y. 24, 33; *Grover & Baker Co.* v. *Radcliffe,* 137 U. S. 287, 299.

If the partnership articles restrict the powers of a partner to act for the firm or pledge the credit of his copartner, notice of the restriction binds the creditor. *Johnson* v. *Haws,* 47 App. Div. 597; aff'd, 168 N. Y. 654; *Ensign* v. *Wands,* 1 Johns. Cases, 171; Story on Partnership, § 130; *King* v. *Sarria,* 69 N. Y. 24; *Ward* v. *Joslyn,* 186 U. S. 142, 151. See also *Boyd* v. *Herron,* 125 California, 443, 455; *Thomas* v. *Wentworth Hotel Co.,* 16 Cal. App. 403, 414.

The California statute could not and did not impose upon the defendant below, a non-resident of California and not subject to its jurisdiction, any liability to the creditors of the company for debts incurred in California or elsewhere. *Flash* v. *Conn,* 109 U. S. 371, 377; *Christopher*

v. *Norvell*, 201 U. S. 216, 229; *Richmond* v. *Irons*, 121
U. S. 27, 55; *Whitman* v. *Oxford Natl. Bank*, 176 U. S.
559, 563; *Bernheimer* v. *Converse*, 206 U. S. 516, 529;
*Hawthorne* v. *Calef*, 2 Wall. 10, 22; *Howarth* v. *Lombard*,
175 Massachusetts, 570, 573; *Howarth* v. *Angle*, 162 N. Y.
179, 187; *Kennedy* v. *Bank*, 97 California, 93.

No State can by its law prescribe the terms and con-
ditions upon which a non-resident may become a stock-
holder in a foreign corporation or impose liabilities upon
him as such. Morawetz on Corporations, § 874; *Pennoyer*
v. *Neff*, 95 U. S. 714. And see *Huntington* v. *Attrill*, 146
U. S. 657, 669; *Freeman* v. *Anderson*, 119 U. S. 185, 188;
*Buchanan* v. *Rucker*, 9 East, 192; Story on Conflict of
Laws, 8th ed., §§ 7, 20; Cooley's Const. Lim., 7th ed., p.
176.

A State cannot enlarge the authority of an agent for a
non-resident principal beyond that actually conferred.
*Pope* v. *Nickerson*, 3 Story, 465, 475; *King* v. *Sarria*, 69
N. Y. 24, 33; *Liverpool Steam Co.* v. *Phoenix Ins. Co.*, 129
U. S. 397, 454; *Grover & Baker Co.* v. *Radcliffe*, 137 U. S.
287, 299; *Leyner Engineering Works* v. *Kempner*, 163
Fed. Rep. 605.

The defendant at the time of the transactions in ques-
tion was and still is a non-resident of California. It does
not appear that he has ever been in California or has ever
been subject to its jurisdiction or laws.

The company is a distinct legal entity, having its own
property, its own rights and powers, and subject to its
own liabilities. *Conley* v. *Mathieson Alkali Works*, 190
U. S. 406; *People* v. *American Bell Telephone Co.*, 117 N. Y.
241, 255. See also *Peterson* v. *Chicago &c. Ry. Co.*, 205
U. S. 364, 391; *Risdon &c. Works* v. *Furness*, L. R. 1906,
1 K. B. 49, 59; *United States* v. *American Bell Telephone
Co.*, 29 Fed. Rep. 17; *Richmond Const. Co.* v. *Richmond
R. R. Co.*, 68 Fed. Rep. 105, 108.

Section 322 of the Civil Code, properly construed, did

not extend or purport to extend to the stockholders of the corporation. *National Park Bank* v. *Remsen*, 158 U. S. 337, 344; *Young* v. *Moore*, 162 Michigan, 60; *Williams* v. *Gaylord*, 186 U. S. 157, 165; *Miles* v. *Woodward*, 115 California, 308, 311; *London Bank* v. *Aronstin*, 117 Fed. Rep. 601, 609.

Statutes imposing liability upon stockholders are in derogation of the common law and are to be strictly construed. *Brunswick Terminal Co.* v. *The Bank*, 192 U. S. 386, 390; *Davidson* v. *Rankin*, 34 California, 503; *Buchanan* v. *Rucker*, 9 East, 192, 194.

The notes here in question having been payable at the banking houses of the First National Bank and Union Savings Bank, respectively, the plaintiff's assignors, those banks were bound to apply to their payment at maturity the deposits then or thereafter on hand and applicable thereto. Having failed to do so the plaintiff is not entitled to charge the defendant for the resulting loss. *Aetna Natl. Bank* v. *Fourth Natl. Bank*, 46 N. Y. 82, 88; *Indig* v. *National City Bank*, 80 N. Y. 100, 106; 5 Cyc. 555. See 2 Morse on Banks, 4th ed., §§ 557–563, pp. 949–956; 5 Cyc. 554; *Fullerton* v. *Bank of United States*, 1 Pet. 604, 617; *Bank of United States* v. *Carneal*, 2 Pet. 543, 548.

This should be the rule in favor of an endorser, surety or guarantor of the note. *Pursifull* v. *Pineville Banking Co.*, 97 Kentucky, 154; *Commercial Bank* v. *Henninger*, 105 Pa. St. 496; *German Bank* v. *Foreman*, 138 Pa. St. 474; *Bank* v. *Petty*, 176 Pa. St. 513; *Dawson* v. *The Bank*, 5 Arkansas, 283; *McDowell* v. *The Bank*, 1 Harr. (Del.) 369.

While the liability may be primary in the sense that the stockholder can be sued in the first instance even though no effort has been made to enforce the claim against the company, a stockholder in a solvent company who has been sued by a creditor and compelled to pay his proportion of the debt, as against the company and his fellow

stockholders is entitled to be reimbursed from its assets. *Re California Mutual Life Ins. Co.*, 81 California, 364, 365; *Prince* v. *Lynch*, 38 California, 528, 538.

A bank holding a note due at its office discharges a surety by failing to apply money of the maker it holds on deposit at or after the time the note matures.

In *Bank* v. *Peck*, 127 Massachusetts, 298; *Strong* v. *Foster*, 17 C. B. 201; *Bank* v. *Smith*, 66 N. Y. 271; *Citizens Bank* v. *Booze*, 75 Mo. App. 189; *Bank of British Columbia* v. *Jeffs*, 15 Washington, 230; *Voss* v. *German-American Bank*, 83 Illinois, 599; *Citizens Bank* v. *Elliott*, 9 Kan. App. 797, and *Martin* v. *Mechanics Bank*, 6 Har. & J. (Md.) 235, the notes were not or did not appear to have been made payable at the bank. *Huston* v. *Braden*, 37 S. W. Rep. 467; *Glazier* v. *Douglas*, 32 Connecticut, 393; *McShane* v. *Howard Bank*, 73 Maryland, 135, are also distinguishable.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by a citizen of California, the holder of two notes made in California by the Wentworth Hotel Company, to recover from a stockholder in that corporation, a citizen of New York, a proportionate share of the sums due upon the same. The facts as agreed and found are as follows. The corporation was formed under the laws of the Territory of Arizona, among many other things, to buy and sell real estate, 'to build, maintain, operate and carry on, in all its branches, the business of hotel keeping' and to build or purchase gas or electric works in Arizona or California, 'both for its own use in the hotel business and for the purpose of selling and disposing of the same.' The principal place of business in Arizona was Tucson, and that outside of it was Los Angeles, California, with power to change to Pasadena, in that State. Before the incorporation, the defendant, re-

siding in New York, signed a writing reciting the intent of the subscribers to form a corporation in Arizona for the purpose of acquiring a portion of the Oak Knoll, and building a first class hotel thereon; and he thereby subscribed for a certain number of shares. Later he took and paid for one thousand shares. The Oak Knoll is near Pasadena in California, and the defendant and his associates intended the corporation to have the power to build and manage a hotel in that neighborhood and expected that it would do so, but intended their liability to be controlled by the laws of Arizona.

The corporation complied with the laws of California, bought the land, built the hotel, went into business, and finally was adjudged insolvent. The notes in question were given for loans to the Company. At the time of subscribing the defendant agreed with the Company that he should be exempt from personal liability and that neither the corporation nor its officers should have power to subject him or the other stockholders to it. Such exemption was expressed also in the certificate of incorporation. But by the statutes of California each stockholder of a corporation is personally liable for such proportion of the debts contracted while he is such, as the amount of his stock bears to the whole subscribed, and the liability of each stockholder of a corporation formed under the laws of any other State or Territory of the United States but doing business in California is the same. Civil Code, § 322. The courts below ruled that the defendant could not be held, the Circuit Court of Appeals citing *Risdon Iron & Locomotive Works* v. *Furness* (1906), 1 K. B. 49, in which it was held that the law of California could not impose liability upon an English shareholder in an English corporation without his assent. 192 Fed. Rep. 495, 113 C. C. A. 101.

We agree that without authority from the stockholder a corporation cannot make him answerable in a way not

contemplated by the charter. We will assume for purposes of decision, although we express no opinion upon the point, that a provision for doing business in other States without any express reference to the possible difference in their laws would not be enough to change the rule. But a provision exempting the stockholder alongside of one authorizing the doing of business elsewhere cannot be taken to limit the latter authority to those States that grant a like exemption or be deemed an attempt to override the law of the place where the business is to be done. That law may fail to operate for want of power over the person sought to be affected, but the charter leaves it open to that person to come in under it by assent. If the law of California forbade a foreign corporation to do business there unless all the stockholders filed a written assent to its conditions, the Arizona charter would not make such an agreement void. If this be true then a particular stockholder may give such assent outside of the instrument of incorporation and be bound by it.

In this case the defendant expressed in writing his wish that the corporation should set up a hotel in California. It is true that he also desired and stipulated that he should be free from personal charge. But that is merely the not infrequent occurrence of a party bringing about the facts and attempting to prohibit their legal consequence to which we lately had occasion to advert in *National City Bank* v. *Hotchkiss,* 231 U. S. 50, 56. See also *Butler* v. *Farnsworth,* 4 Wash. C. C. 101, 103, 104. This of course he cannot do. In such cases the only question is which of two inconsistent orders is the dominant command. Here the usual prevalence of the specific over the general is fortified by the consideration that the building and carrying on of the California hotel was the main object for which the parties came together. When the defendant authorized that, he could not avoid the consequences by saying that he did not foresee or intend, or that he forbade

them. He knew that California had laws and he took his risk of what they might be, when, as we must hold, he gave his assent to doing business there. We cannot interpret his words as giving merely a conditional assent. We follow the language of *Pinney* v. *Nelson*, 183 U. S. 144, so far as it sanctions the views that we have expressed. See also *Thomas* v. *Wentworth Hotel Co.*, 158 California, 275, 280.

There remains only the question whether the liability is of a kind that will be enforced outside of the California courts. Analysis on this point often is blurred by the vague statement that the liability is 'contractual.' An obligation to pay money generally is enforced by an action of assumpsit and to that extent is referred to a contract even though it be one existing only by fiction of law. But such obligations when imposed upon the members of a corporation may vary very largely. The incorporation may create a chartered partnership the members of which are primary contractors, or it may go no farther than to impose a penalty; or again it may create a secondary remedy for a debt treated as that of the corporation alone, like the right to attach the corporation's real estate; or the liability may be inseparable from the local procedure, or the law may be so ambiguous as to leave it doubtful whether the liability is matter of remedy and local or creates a contract on the part of the members that will go with them wherever they are found. *McClaine* v. *Rankin*, 197 U. S. 154, 161. *Christopher* v. *Norvell*, 201 U. S. 216, 225, 226. In the present case we think that there can be no doubt of the meaning of the California statute. It reads 'Each stockholder of a corporation is individually and personally liable for such proportion of its debts and liabilities' &c., as we have stated, and supposes the action against him to be brought 'upon such debt.' Civil Code § 322. This means that by force of the statute, if the corporation incurs a debt within the juris-

diction, the stockholder is a party to it and joins in the contract in the proportion of his shares.  And while the statutes of California cannot force an agent upon a foreign principal, still, if he has created such an agency in advance, he has come within the jurisdiction by his agent, as in other cases of contract made within a State from outside, and will be bound.  *Flash* v. *Conn*, 109 U. S. 371. *Whitman* v. *Oxford National Bank*, 176 U. S. 559.

The defendant was a principal debtor.  *Hyman* v. *Coleman*, 82 California, 650.  The fact that the corporation had deposits in the banks that held the notes did not discharge the notes *pro tanto*.  *Strong* v. *Foster*, 17 C. B. 201. *National Mahaiwe Bank* v. *Peck*, 127 Massachusetts, 298. The judgment must be reversed and judgment entered for the plaintiff on the agreed facts.

*Judgment reversed.*

THE CHIEF JUSTICE dissents.

MR. JUSTICE HUGHES took no part in the decision.