## PALMER *v.* MORGAN.

---

APPEAL AND ERROR; CORPORATIONS.

1. The allowance by the lower court of an appeal by receivers, and the approval of their appeal bond, is equivalent to leave by the lower court to the receivers to take an appeal, and such an appeal will not be dismissed by this court, especially when the motion to dismiss was not made until more than three months after the printing of the record in this court and after the appellees had obtained an extension of time in which to file their brief upon the merits.

2. In measuring and enforcing here the liability of a stockholder of a corporation created under the laws of a State, the laws of that State govern, where there is no local statute which is applicable.

3. A suit in this District by the creditor of an insolvent corporation created under the laws of a State, and which is brought in his own behalf and in behalf of all other creditors who may come in, for the appointment of a receiver of its assets and unpaid stock subscriptions, and which results in the appointment of receivers and the filing by them of a petition against all holders of unpaid stock and for an assessment against them requiring them to pay their full liability on their stock and to establish the liability of holders who have received their stock as a bonus,—is in substance and effect an attempt to wind up a foreign corporation in this District, which can be only done in the State of its creation, and is therefore not maintainable.

No. 2890.   Submitted April 4, 1916.   Decided May 29, 1916.

HEARING on an appeal by receivers from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing their petition to establish the liability of stockholders in a corporation for their unpaid subscriptions to stock.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the supreme court of the District dismissing appellant's bill.

The facts, so far as material here, are as follows: The Arlington Hotel Company was organized in 1911, under the general incorporation law of Delaware. It therefore is a Delaware corporation, but its principal place of business is in the District of Columbia, where reside many of its stockholders. In the summer of 1913 the company became financially embarrassed, and all its activities ceased. The American National Bank of Richmond, Virginia, as assignee of a creditor of the company, brought a suit in the supreme court of the District against it. Foreclosure proceedings were commenced about the same time, which resulted in loss to the company of all its

tangible property, except some structural steel which had been manufactured for the hotel building by the American Bridge Company, and shipped here for that purpose. Thereupon the American National Bank, on February 17, 1914, on its own behalf as well as on behalf of all other creditors who might come in, filed a bill in equity alleging the insolvency of the company and the other facts above mentioned. The bill prayed the appointment of a receiver of all the assets of the corporation, especially the structural steel and unpaid stock subscriptions, for a reference to take account of the assets and liabilities and that portion of the capital stock that had not been paid for, and for directions to the receiver to take steps to enforce the collection thereof. Before action had been taken on this bill, Charles P. Taft, a stockholder, filed another bill in which, among other things, he sought the acceptance as advantageous to the stockholders and creditors of the offer of the American Bridge Company to take back the structural steel above mentioned, and cancel its claim against the hotel company. The hotel company answered the Taft bill, and admitted its insolvency and the advisability of appointing a receiver with authority to accept the offer of the American Bridge Company. Thereupon the John W. Cooney Company, a judgment creditor, filed a petition for leave to intervene. The two causes were heard together, and appellants, Aulick Palmer and Peyton Gordon, were appointed receivers of all the property, assets, choses in action, claims, and demands belonging to, due to, or held in trust for, the Arlington Hotel Company, wheresoever the same might be situated, including the evidences of debt and stock subscriptions. They also were directed to take possession of all the company's vouchers, evidences of debt and stock subscriptions, and to institute such proceedings as might be necessary to recover the possession thereof, and "to enforce and collect any unpaid subscriptions made to the capital stock of said defendant." The decree further provided that the cause should be referred to a special auditor to ascertain the assets and liabilities of the company, "including all amounts, if any, which remain unpaid

upon subscriptions to its capital stock." A special auditor was appointed, who proceeded with his reference and in his report stated the total indebtedness of the company. The assets were stated as $28,311.55 cash, the proceeds of the sale of said structural steel (the offer of the bridge company to take it back having been rejected), and $481,600 unpaid balance due on subscriptions to preferred stock.

Thereupon appellants filed the petition herein against all of the persons appearing by the books of the company to be holders of preferred or common stock not fully paid for, and praying, among other things, that an assessment might be made against the stockholders who might be served with process, or who had appeared or might appear, requiring them to pay their full liability on their stock, if necessary, in order to pay the debts of the corporation; that the liability of all persons receiving what on its face purported to be full paid and nonassessable stock as a bonus, without full consideration, should be determined and required to be paid.

A rule to show cause was served upon all the holders of preferred and common stock in the District of Columbia, who appeared specially and moved to dismiss the bill. A hearing was had, and the court ruled that "the defendant company are entitled to have an adjudication of liability binding on all the stockholders, and this can be obtained only in the courts of Delaware," and therefore dismissed the bill.

*Mr. Henry H. Glassie,* for the appellants, in his brief, on the motion to dismiss the appeal cited:

*Farlow* v. *Kelley,* 131 U. S. Appendix, cci.; *Thom* v. *Pittard,* 62 Fed. 233–235; *Bosworth* v. *Terminal R. Asso.* 80 Fed. 367; *Fellon* v. *Ackerman,* 61 Fed. 225, 226; *Devendorf* v. *Dickenson,* 21 How. Pr. 275.

On the other questions involved, he cited: *Allen* v. *Fairbanks,* 45 Fed. 445; *Bernheimer* v. *Converse,* 206 U. S. 516; *Calef* v. *Wyandotte Realty Co.* 70 Kan. 318; *Coit* v. *Gold*

*Amalgamating Co.* 119 U. S. 343; *Cook* v. *Carpenter,* 212 Pa. 765, 1 L.R.A.(N.S.) 900; *Converse* v. *Hamilton,* 224 U. S. 243; *Christopher* v. *Norvell,* 201 U. S. 216; *Deadwood First Nat. Bank* v. *Gustin-Minerva Co.* 44 N. W. R., 6 L.R.A. 676; *Easton N. Bank* v. *American Brick & T. Co.* 70 N. J. Eq. 732, 8 L.R.A.(N.S.) 271; *Finney* v. *Guy,* 189 U. S. 56; *First N. Bank* v. *Gustin M. C. S. Co.* 42 Minn. 327; *Glenn* v. *Leggitt,* 135 U. S. 533; *Glenn* v. *Marbury,* 145 U. S. 499; *Graham* v. *La Crosse,* 102 U. S. 148; *Great West Mfg. Co.* v. *Harris,* 198 U. S. 561; *Great West. Tel. Co.* v. *Purdy,* 166 U. S. 329; *Hale* v. *Allinson,* 188 U. S. 56; *Hatch* v. *Dana,* 101 U. S. 205; *Handley* v. *Stutz,* 139 U. S. 417; *Hollins* v. *Brierfield Coal & I. Co.* 150 U. S. 371; *Hospes* v. *N. W. Mfg. Co.* 48 Minn. 174; *Johnson* v. *Tennessee Oil Co.* (N. J.) 69 Atl. 788; *Kilpatrick* v. *American Alkali Co.* 140 Fed. 146; *Leucke* v. *Tredway,* 45 Mo. App. 507; *Lewisohn* v. *Stoddard,* 78 Conn. 575; *McClaine* v. *Rankin,* 197 U. S. 154; *Mann* v. *Cook,* 20 Conn. 178; *Merrimac Min. Co.* v. *Levy,* 54 Pa. 227, 93 Am. Dec. 698; *Mountain Lake Land Co.* v. *Blair,* 109 Va. 147; *National Bank* v. *Saville,* 25 App. D. C. 139; *Ogilvie* v. *Knox,* 22 How. 380; *Payne* v. *Bullard,* 23 Miss. 88, Am. Dec. 74; *Pinney* v. *Nelson,* 183 U. S. 144; *People's Nat. Bank* v. *Saville,* 25 App. D. C. 139; *Randall Print. Co.* v. *Sanitas. M. Co.* 139 N. W. 606, 43 L.R.A.(N.S.) 706; *Relfe* v. *Rundle,* 103 U. S. 222; *Royal Arcanum* v. *Green,* 237 U. S. 531; *Rule* v. *Omega Stove & G. Co.* 64 Minn. 326; *Sanger* v. *Upton,* 91 U. S. 56; *Schickle* v. *Watts,* 94 Mo. 410; *See* v. *Heppenheimer,* 69 N. J. Eq. 36; *Selig* v. *Hamilton,* 234 U. S. 652; *Shields* v. *Hobart,* 172 Mo. 491; *Southworth* v. *Morgan,* 205 N. Y., 51 L.R.A.(N.S.) 56; *Thomas* v. *Matthiessen,* 232 U. S. 221; *Upton* v. *Tribilcock,* 91 U. S. 45; *Wall* v. *Basin M. Co.* 101 Pac. 733, 22 L.R.A. (N.S.) 1013.

Mr. *A. A. Hoehling,* Mr. *S. C. Peelle,* Mr. *C. F. R. Ogilby,* Mr. *C. R. Wilson,* Mr. *Frederic Chapin,* Mr. *F. D. McKenney,* Mr. *J. S. Flannery,* Mr. *Leon Tobriner,* Mr. *John S. Blair,*

*Mr. C. A. Douglas, Mr. Thomas Ruffin, Mr. H. H. Obear,* and
*Mr. Arthur Peter,* for the appellees:

1. The motion to dismiss the appeal should be granted. *Chicago Title, &c. Co.* v. *Caldwell,* 58 Ill. App. 219; *Cobbs, Receiver* v. *Vizard Inv. Co.* 182 Ala. 372; *Coffey* v. *Gay,* 67 So. 681; *Cook* v. *Anderson Food Co.* 55 Atl. 1042; 34 Cyc. p. 420; *Hallam* v. *Oppenheimer,* 3 App. D. C. 329; High, Receivers, secs. 208, 264b; *Porter* v. *Sabin,* 149 U. S. 478.

2. The legal domicil of the corporation is in Delaware. *Bank of Augusta* v. *Earl,* 13 Pet. 588; *Barbour* v. *Paige Hotel Co.* 2 App. D. C. 174; *Shaw* v. *Quincy Min. Co.* 145 U. S. 450.

3. The courts of the legal domicil of a corporation alone have jurisdiction to regulate its internal affairs, and administer its corporate functions, as well, also, to wind up its affairs in the event of its insolvency. *Barley* v. *Gittings,* 15 App. D. C. 427; *Clark* v. *Life Asso.* 14 App. D. C. 154; *Condon* v. *Mutual Reserve Asso.* 89 Md. 99; *Doremus* v. *National Cotton Imp. Co.* 39 App. D. C. 295; *Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747; *Hartford L. Ins. Co.* v. *Ibs,* 237 U. S. 662; *Head* v. *Providence Ins. Co.* 2 Cranch, 127, 167; *Maguire* v. *Mortgage Co.* 203 Fed. 858; *Marshall* v. *Sherman,* 148 N. Y. 9; *Middletown Bank* v. *Railway Co.* 197 U. S. 394, 405, 406; *Mining Co.* v. *Field,* 64 Md. 151; *New Haven, etc., Co.* v. *Linden Springs Co.* 142 Mass. 349; *Royal Arcanum* v. *Green,* 237 U. S. 531–544; *Schickler* v. *Brewing Co.* 33 App. D. C. 35; *Tuttle* v. *National Bank,* 161 Ill. 497; *Wilkins* v. *Thorne,* 60 Md. 253; *Young* v. *Farwell,* 139 Ill. 326.

4. The procedure here invoked by the receivers is directly in conflict with the settled rule of decision in this district. *Bernheimer* v. *Converse,* 206 U. S. 516; *Converse* v. *Hamilton,* 224 U. S. 243; *Glenn* v. *Liggett,* 135 U. S. 533, 544; *Hale* v. *Allison,* 188 U. S. 56; *Hawkins* v. *Glenn,* 131 U. S. 319, 332; *Saville* v. *People's Nat. Bank,* 25 App. D. C. 139 and 201 U. S. 641; *Selig* v. *Hamilton,* 234 U. S. 652.

Mr. Justice ROBB delivered the opinion of the Court:

A motion has been made to dismiss the appeal upon the ground that it was not expressly authorized by the court. As pointed out by counsel for appellants, this motion was not made until more than three months after the printing of the record, and until after appellees had obtained an extension of time to file their briefs upon the merits. We agree with appellants that the allowance of this appeal by the learned trial justice and the approval of the appeal bond "is equivalent to leave by the court to the receiver to take an appeal." *Farlow* v. *Kelley,* 131 U. S. appx. cci, and 26 L. ed. 427. The motion is overruled.

Since no local statute is applicable, as in *Thomas* v. *Matthiessen,* 232 U. S. 221, 58 L. ed. 577, 34 Sup. Ct. Rep. 312, the law of Delaware, by which this corporation was created, governs in measuring and enforcing the liability of a stockholder. *Converse* v. *Hamilton,* 224 U. S. 243, 56 L. ed. 749, 32 Sup. Ct. Rep. 415, Ann. Cas. 1913D, 1292; *Royal Arcanum* v. *Green,* 237 U. S. 531, 59 L. ed. 1089, L.R.A. 1916A, 771, 35 Sup. Ct. Rep. 724. Section 20 of the general incorporation law of that state declares that "when the whole capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claim of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of the par value of such share as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company." [Del. Rev. Code 1915, § 1934.] It is further provided that this sum or proportion may be recovered as provided for in sec. 49 of the same act, "after a writ of execution against the corporation has been returned unsatisfied as provided for in section 51 of this act." Section 51 ordains that no suit shall be brought against any director or stockholder for any debt of a corporation of which he is such director or stockholder, "until judgment be obtained therefor against such corporation and execution thereon re-

turned not satisfied." Paragraph 7 of section 2 of the act defining the powers of a corporation provides that it may dissolve itself or be wound up and dissolved "in the manner hereinafter mentioned." Section 43 provides for the appointment of trustees or receivers when any corporation shall be dissolved "in any manner whatever." Section 44 gives the court of chancery jurisdiction of such proceedings, and section 45 provides that said trustees or receivers, after payment of all allowances, expenses, and costs and the satisfaction of all special and general liens upon the funds of the corporation, "shall pay the other debts due from the corporation, if the funds in their hands shall be sufficient therefor, and, if not, they shall distribute the same ratably among all the creditors who shall prove their debts in the manner that shall be directed by an order or decree of the court for that purpose." Section 53 requires all creditors to make proof under oath of their respective claims against the corporation within a time specified.

In *Butler* v. *New Keystone Copper Co.* — Del. —, 93 Atl. 380 (Feb. 2, 1915), it was ruled that "a distribution of all the assets (of the corporation) would clearly be a winding up which could be done legally only in the method provided by law." There is one jurisdiction only, that wherein this corporation was created, where a decree binding all the stockholders may be entered "against the corporation in a suit brought against it under the State law for the purpose of ascertaining its insolvency, compelling its liquidation, collecting sums due by stockholders for subscriptions to stock, and paying the debts of the corporation." *Royal Arcanum* v. *Green,* 237 U. S. 531, 544, 59 L. ed. 1089, 1101, L.R.A. 1916A, 771, 35 Sup. Ct. Rep. 724. In that jurisdiction, by subscribing to stock, they conferred on the corporation authority to represent them, whether they be residents or nonresidents, and such representation binds them. In *Selig* v. *Hamilton,* 234 U. S. 652, 58 L. ed. 1518, 34 Sup. Ct. Rep. 926, an action was brought in New York to enforce the liability of a stockholder of an insolvent Minnesota corporation, an assessment having been made against him in

Minnesota. It was ruled that, the order levying the assessment being conclusive as to all matters relating to the amount and propriety thereof and the necessity therefor, the stockholder is limited in his defenses to showing that he is not a stockholder, or is not the holder of as many shares as alleged, or has a claim agaist the corporation which in law or in equity he is entitled to set off against the assessment, or has any other defenses personal to himself. In the course of its opinion the court said: "The marshaling of the amounts recovered from stockholders is also the appropriate subject for the consideration of the court which under the statute collects and distributes the fund. It is quite obvious that another court, in an action by the receiver against the stockholder, could not undertake to fix the amount required to pay the debts for which the stockholder is liable, unless it virtually assumed the duty imposed by the statute of determining what a ratable assessment should be, and thus denied due credit to the determination already made in a court of competent jurisdiction."

We are of the opinion that this is, in substance and effect, an attempt to wind up a Delaware corporation in the District of Columbia, and as this may be done only in Delaware, where all the stockholders may be brought in and the ratable assessment of each determined, the decree must be affirmed, with costs.

*Affirmed.*