[No. 9697. Department Two. — April 21, 1888.]

CHARLES ALPERS, RESPONDENT, *v.* HENRY SCHAM-MEL ET AL., APPELLANTS.

PLEADING — PARTNERSHIP — PROMISSORY NOTE. — The complaint in an action on a promissory note, after alleging that the defendants at all the times therein mentioned were partners, averred that "the said defendants, copartners as aforesaid," executed the notes in question: *held*, a sufficient averment that the notes were executed by the defendants as copartners.

VERDICT — EVIDENCE — SPECIFICATIONS OF PARTICULARS. — A verdict cannot be attacked on the ground that it is not supported by the evidence, when the record contains no specifications of the particulars in which the evidence is insufficient to sustain it.

NEW TRIAL — NOTICE OF INTENTION — RECORD ON APPEAL. — A notice of intention to move for a new trial is not part of the record on appeal, unless incorporated in the statement or bill of exceptions.

ID. — VERDICT AGAINST LAW — ORDER REFUSING NEW TRIAL — APPEAL. — An alleged error in refusing a new trial, on the ground that the verdict is against law because unsupported by the evidence, will not be considered on appeal from the order refusing the new trial, when the notice of intention to move for a new trial is not made part of the record.

ID. — ACTION AGAINST PARTNERS — VERDICT — JUDGMENT — DEFAULT — DEFENDANT NOT APPEARING. — The action was brought against three defendants, constituting a partnership, on certain promissory notes executed by them as partners. Two of the defendants appeared and answered. The other did not appear, and no default was entered against him for not answering, and the record did not affirmatively show that he had been served. The record showed, however, that he died two days after the commencement of the action. The jury returned a general verdict in favor of the plaintiff, on which judgment was entered against all the defendants. *Held*, that the verdict and judgment, so far as they purported to be against the defendant not appearing, were erroneous, and should be modified accordingly.

ID. — JUDGMENT ON VERDICT — INTEREST HOW ENTERED. — A judgment
entered on a verdict should be for the amount of the verdict, with inter-
est at the legal rate from the day on which it was returned by the jury;
and the clerk has no authority to include in the amount of the judgment
the interest which has accrued on the verdict from the time of its rendi-
tion until the time of the entry of judgment, and provide that such gross
amount shall thereafter bear legal interest.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The action was brought against the defendants, Henry
Schammel, Frank B. Reynolds, and William L. Bolte, to
recover the amount due on two promissory notes. The
complaint alleged that the defendants, at all times
therein mentioned, were copartners, carrying on busi-
ness as such under the firm name of Schammel, Rey-
nolds, & Co.; that on certain specified dates they, "the
said defendants, copartners as aforesaid," executed the
notes in question. The complaint set out the notes *in
hæc verba*. Each of the notes was executed by Scham-
mel, Reynolds, & Co., payable on demand to the order of
themselves. One of the notes was for the sum of fifteen
hundred dollars, dated December 23, 1882, and bore in-
terest at the rate of two per cent per month. The other
was for sixteen hundred dollars, dated January 29, 1883,
and bore interest at the rate of ten per cent per annum.
The action was tried on the 20th of February, 1884, and
a verdict rendered on that day in favor of the plaintiff
for $3,686.35. On the 19th of June, 1884, the clerk en-
tered a judgment for $3,772.35, with interest thereon at
the rate of seven per cent per annum from that date.
The further facts are stated in the opinion of the court.

*Fisher Ames*, and *George D. Collins*, for Appellants.

The complaint does not allege that the notes were exe-
cuted by the defendants as copartners. The allegation
of the partnership relation is merely *descriptio personæ*.

(*McCord* v. *Seale*, 56 Cal. 263; *Feder* v. *Epstein*, 69 Cal. 456; *Commercial Bank* v. *Mitchell*, 58 Cal. 45; *Hunter* v. *Martin*, 57 Cal. 365; *Kendrick* v. *Tarbell*, 27 Vt. 514; *Maynard* v. *Fellows*, 43 N. H. 257; *Freeman* v. *Campbell*, 55 Cal. 198.)

*R. Percy Wright*, and *Severance, Travers & Hornblower*, for Respondent.

The difference between the amount for which the judgment was entered and the amount of the verdict consisted of the amount of the interest for four months, at seven per cent per annum, on the amount of the verdict. This the clerk was authorized to include in the judgment. (Code Civ. Proc., sec. 1035.)

Thornton, J.—Action on two promissory notes.

It is urged that the complaint does not show that the notes in suit were executed by the defendants as copartners. We cannot concur with counsel in this contention. We are of opinion that it is substantially averred that the notes were executed by defendants as copartners. This being so, there is no variance between the proof and the allegations of the complaint.

Further, there was no objection made to the notes when offered in evidence on the ground that they varied from the averments of the complaint. If such objection had been made, it might have been obviated by amendment. And as the cause was tried—as it clearly appears it was—as if the notes had been averred to have been the notes of the copartnership, we deem it unnecessary to say anything further on this point.

It is contended that the delivery of the notes is not shown by the evidence, but the verdict is not attacked on any such ground, as there are in the record no specifications of the particulars in which the evidence is insufficient to sustain the verdict. The point urged cannot therefore be considered.

The further contention is made that the verdict is against law, for the reason that there is no evidence that there was a delivery to the plaintiff of the notes sued on, and the court therefore erred in refusing a new trial. The notice of intention to move for a new trial is no part of the record herein, unless made so by a statement or bill of exceptions (*Hook* v. *Hall*, 68 Cal. 22); and as the notice does not appear in the statement herein, the point is not before us for consideration.

It is averred in the complaint that Henry Schammel, Frank B. Reynolds, and William L. Bolte, constituted the firm of Schammel, Reynolds, & Co. The two first mentioned appeared and answered. There was no appearance by Bolte, and no entry of default against him for not answering. There is uncontradicted evidence in the record that Bolte committed suicide within two days after the action was begun; and as his default was not entered, it may well be inferred that he was not served. The cause came on for trial on the twentieth day of February, 1884, and on the same day a verdict was entered in the following words:—

"We, the jury, in the above-entitled action, find for the plaintiff, and assess the damages in the sum of thirty-six hundred and eighty-six and 35-100 dollars ($3,686.35)."

This verdict could only regularly have been against the defendants who appeared and answered. It could not have been against Bolte if he was served, and had lived until the trial, unless he had answered. If he was served and failed to answer, then his default should regularly have been entered. If he was not served, then the action should regularly have proceeded against the defendants who were served (Code Civ. Proc., sec. 414), or who appeared and answered. In no event, in a regular course of procedure, could there have been a verdict against him. We think, therefore, that this ver-

dict should be held to be a verdict only against Scham-mel and Reynolds, who answered.

On this verdict a judgment was entered against Scham-mel, Reynolds, and Bolte. This clearly appears from the judgment entry.

Further, judgment was entered by the clerk on the verdict for $3,772.35 (eighty-six dollars more than the amount of the verdict returned), with interest at the legal rate from the time it was made. This was in excess of the authority vested in the clerk by the statute. The judgment should have been entered for the amount of the verdict, with interest at the legal rate from the day on which it was returned by the jury. The respondents' mode of accounting for the insertion of a sum greater than the verdict on the judgment is not sustained by the record, and if it was, it would not be in accordance with the mode pointed out by statute.

The judgment should be modified in accordance with the preceding by striking out the name of William L. Bolte, and by inserting in it the amount stated in the verdict as returned, viz., $3,686.35.

We find no other errors than the above in the record.

The order denying a new trial is affirmed. The judgment is reversed, and the cause remanded to the court below, with directions to modify the judgment in the manner pointed out, and as so modified is affirmed. But as this modification might have been made in the court below without an appeal to this court, the appellant will recover no costs on this appeal.

Ordered as above.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.