[No. 19578. Department One.—June 7, 1895.]

JOSEPH BROWN, RESPONDENT, *v.* SAMUEL MER-
RILL ET AL., APPELLANTS.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—ACTION BY STOCKHOLDERS.—
Stockholders may have the benefit of the statute of this state imposing
liability on stockholders for their respective proportions of the debts
of the corporation, as against other stockholders in the same corpora-
tion.

ID.—SEVERAL LIABILITY OF STOCKHOLDERS.—Stockholders in this state are
not jointly and severally liable for the debts of the corporation; but
each stockholder has a several liability proportionate to the amount of
his stock; and when he has paid his portion of any debt, or of all the
debts of the corporation, he is freed from all liability, and has no cause
of action against any other stockholder for money so paid.

APPEAL from a judgment of the Superior Court of
San Bernardino County and from an order denying a
new trial.

The facts are stated in the opinion of the court.

*John W. Craig,* for Appellants.

*Rolfe & Rolfe,* for Respondent.

GAROUTTE, J.—This action is against the defendant,
Southern California Motor Road Company, a corpora-
tion, on a promissory note of the company, executed
March 4, 1890, and against the other defendants as stock-
holders, for their respective proportions of the indebt-
edness on said note, under section 322 of the Civil Code.
A several judgment was given against the defendant
Merrill, the appellant, for three hundred and thirty-six
dollars and thirty-five cents, as his portion of said in-
debtedness, according to the amount of stock he held
in the corporation.

Appellant claims that respondent cannot have the
benefit of the statute of this state, imposing liability on
stockholders for the corporation's debts, because he is
a stockholder himself. This contention is based upon
the authority of *Bailey* v. *Bancker,* 3 Hill, 188, 38 Am.

Dec. 625, and other cases to the same effect; but the reason for the rule declared in those cases is entirely wanting in this state, and it has no application here. In states where those decisions have been made the relation of stockholders *inter sese* is that of partners, and. it is thus apparent at a glance that no common-law action for money owing by the corporation would lie by a creditor stockholder against other stockholders. In jurisdictions where the above doctrine has been declared, stockholders are severally and jointly liable for the debts of the corporation, but in this state there is no such liability. Each stockholder has a several liability and that liability is proportionate to the amount of his stock; and, when he has paid his portion of any debt, or of all the debts of the corporation, he is freed from all liability and has no cause of action against any stockholder for money so paid. In this state we see no reason why a creditor stockholder of a corporation may not sue other stockholders for their *pro rata* of the debt.

We see nothing in the other questions suggested by appellants' brief demanding discussion.

The order and judgment are affirmed.

VAN FLEET, J., and McFARLAND, J., concurred.