## FIRST NAT. BANK OF WHEATON, MINN., v. MILLER et al.

Where, in replevin, the complaint alleged the value of the property to be $1,000, it was proper for defendants, prior to the introduction of any evidence, though they had denied such allegation, to admit such value, and thus withdraw the issue of value.

A ruling on an admission to which no exception was taken at the trial cannot be reviewed.

Where, in replevin, plaintiff alleged that the value of the property described in the complaint was $1,000, and such allegation was admitted by defendant at the trial, but it was shown that minor parts had not been found by the sheriff, plaintiff could not show the value of the part of the property taken, but could prove the value of the property not found.

In replevin to recover certain threshing machinery under chattel mortgage, plaintiff's evidence tended to prove fraud in the purchase of the property from the mortgagors by defendant M., and that the words "Copy of mortgage received by me without extra cost" were in the mortgage at the time it was filed, and when the property was transferred by the mortgagors to M. Held, that M.'s attorney was properly permitted to testify in rebuttal that he was directed, prior to the transfer, to make a careful examination of the mortgage records, that he did so, that the clause quoted was not then contained in the mortgage, and that he made a second examination at the time of the transfer, and that the clause was still not contained therein.

The admission of evidence with reference to payment of certain notes and chattel mortgages, which had been eliminated from the case by a stipulation that they had been paid since the commencement of the action, was not reversible error, though an unnecessary incumbrance of the record.

In replevin to recover mortgaged property error in awarding the property to both defendants, though one of them in his answer denied ownership, and only asked that the complaint be dismissed as to him, was not prejudicial, but was subject to correction on motion.

(Opinion filed, November 15, 1911.)

Appeal from Circuit Court, Roberts County; Hon. J. H Bottum, Judge.

Action in claim and delivery by the First National Bank of Wheaton, Minn., against Rudolph Miller and others. Judgment for defendants, and plaintiff appeals. Modified and affirmed.

*C. E. Houston* and *Howard Babcock,* for appellant. *J. J. Batterton* and *F. J. Murphy,* for respondents.

CORSON, J. This is an action in claim and delivery, and, the judgment being in favor of the defendants, the plaintiff has appealed. The complaint is in the usual form to recover the possession of a threshing rig, engine, etc., and the property is alleged in the complaint to be of the value of $1,000. In his answer the defendant Rudolph Miller denied all the allegations of the complaint, except the incorporation of the plaintiff, and alleged that the defendant Alda M. Miller was the owner and in possession of the said property, and that the only connection that he had with the said property was as the agent of said Alda M. Miller, and the said defendant prayed that the complaint be dismissed as to him, and for his costs. The defendant Alda M. Miller answered, alleging that she was the owner of said property described in the complaint, and denied all the other allegations of the complaint, except the incorporation of the plaintiff, and prays that she may be adjudged to be the owner and entitled to immediate possession of the property, or, in case delivery could not be had, the sum of $1,000, the value thereof, together with the costs and disbursements of this action.

The plaintiff in its complaint claimed a right to the possession of the property by virtue of five chattel mortgages described in the complaint. And at the commencement of the trial it was stipulated that three of the chattel mortgages had been paid since the commencement of the action, and the plaintiff offered no proof in regard to the chattel mortgages to itself, but claimed title to the property under a chattel mortgage alleged to have been made to the Hennepin Lumber Company, and assigned by said company to the plaintiff.

[1, 2] After the jury was impaneled, and prior to the introduction of any evidence, the defendants' attorney made the following admission, which was entered upon the record. "We admit

at this time that the property described in the complaint is worth, or was worth at the time of the commencement of the action, $1,000." Plaintiff objected to this admission as incompetent and immaterial, and not proper to be made at this stage of the case, and for the further reason that the pleadings as they stand deny that fact, and that it would be an amendment, and that if the admission is permitted the plaintiff should be allowed to amend the allegations of value contained in the complaint. The plaintiff's request was objected to, and no ruling seems to have been made by the court upon either the defendants' admission or the plaintiff's request that it be allowed to amend the complaint. It is contended by the appellant as no order was made by the court, allowing the defendants to amend their answers, the pleading remained unamended, and that therefore the question of the value of the property described in the complaint and taken by the sheriff was in issue; but we are unable to agree with the appellant in this contention. As it was alleged in the complaint that the property was of the value of $1,000, and although the defendants had denied this allegation in their answer, it was proper for the defendants to admit as a fact in the case the value as stated to be correct, and we are of the opinion that after the admission there was no longer any issue before the court as to the value of the property. But, in any event, as no ruling was made by the court as to the defendants' admission and the plaintiff's application for leave to amend its complaint, and no exception was taken to the ruling on either question, there is nothing before us to review.

[3] It appears by the return of the sheriff that he failed to find the water tank and some other minor parts of the machinery described in the complaint, and the appellant sought to prove on trial the value of the property taken by the sheriff. Objection was made by the defendants to this evidence, on the ground that, having alleged the value in the complaint, and that value having been admitted by the defendants in open court, such evidence was inadmissible. The court sustained the objection, and we are of the opinion that in so ruling it was correct, and that the only proof admissible on the part of the plaintiff was as to the value

of the water tank and other minor parts of the machinery not found by the sheriff. No evidence seems to have been offered by either party as to the value of the water tank and other minor parts, but the jury evidently by their verdict deducted $44 as the value of the tank and other missing parts, as by their verdict they found the value of the property to be $956.

In Park v. Robinson, 15 S. D. 551, 91 N. W. 344, and Bank v. Calkins, 16 S. D. 445, 93 N. W. 646, this court held that, where the plaintiff in claim and delivery alleges the value of the property sought to be recovered, it is estopped from proving that the property was of a different value from that alleged in the complaint. It is true in the case at bar all of the property described in the complaint was not taken by the sheriff. The property not found, as before stated, consisted of a water tank, a belt, and some other minor parts of the machine. It would have been competent, therefore, for the plaintiff to have shown the value of the parts of the machine not taken by the sheriff in reduction of the amount claimed by it as the value in its complaint. But, so far as the record discloses, no evidence on the part of the plaintiff to show the value of the property not taken by the sheriff was offered but it sought to show by its evidence the value of the property so taken. This, in our opinion, it was not competent for the plaintiff to show. As it had alleged the value of all the property to be $1,000, it could only be permitted to show in reduction of the amount the value of the property not found and taken possession of by the sheriff. The court committed no error, therefore, in rejecting the evidence offered by the plaintiff as to the value of the property taken.

It is further contended by the plaintiff that the evidence is insufficient to prove that the property had been transferred from Marion Smith and Mathilda Smith to the defendant Alda M. Miller but we are of the opinion the evidence upon this point was amply sufficient to warrant the jury in finding such a transfer, and, the jury having so found, its finding is conclusive in this court.

[4] It is further contended by the plaintiff that the testimony of Attorney Batterton as to his examination of the records and

his conversation with the defendant Rudolph Miller with regard thereto was incompetent, and should have been excluded upon the objection made thereto by the plaintiff. But we are of the opinion that this evidence was clearly admissible in rebuttal of the plaintiff's evidence tending to prove fraud in the purchase of the property by Alda M. Miller. It is claimed by the plaintiff that the words, "Copy of mortgage received by me without extra cost," were in the chattel mortgage at the time it was filed, and were in the same at the time the property was transferred by the Smiths to Alda M. Miller. Mr. Batterton testified that by request of the defendant Rudolph Miller, prior to the transfer of the property from the Smith's to Alda M. Miller, he examined the chattel mortgage on record, in January, 1908, and that the clause above quoted was not then contained in the chattel mortgage; that at the urgent request of said Rudolph Miller he again examined the chattel mortgage, and that he is sure that the clause above quoted was not in the chattel mortagage at the time the transfer of the property was made to Alda M. Miller, and that, subsequent to the commencement of this action, he again examined the chattel mortgage , and found that the clause above quoted had been inserted therein. It will be noticed that the statement made by Rudolph Miller was to require the witness to make a thorough and careful examination of the mortgage, and to be sure that he was right as to there being no chattel mortgage upon the personal property about to be purchased by him for his wife from the Smiths.

We are of the opinion this evidence was clearly competent for the purpose of showing that the chattel mortgage, at the time the transfer was made of the property from Mathilda Smith to the defendant Alda M. Miller, did not contain the clause above quoted, and that the same was inserted in the mortgage subsequent to the purchase of the property by Alda M. Miller. It is contended by the plaintiff that, as the conversation between Batterton, the attorney, and the defendant Rudolph Miller, and the examination of the record by Mr. Batterton, was not in the presence of the plaintiff or of its agents, it is inadmissable. The question as to the change in the chattel mortgage, made subsequent to the pur-

chase of the mortgaged property by Alda M. Miller, was a question of fact, and it was competent for the defendants to prove by the testimony of any person who had examined the chattel mortgage the fact that it had been changed by inserting the clause above referred to subsequent to the time the property was purchased by Alda M. Miller, and the fact that the same was proven by the attorney in the action, Mr. Batterton, did not affect the competency of the evidence.

[5] It is further contended by the plaintiff that the court erred in admitting, over plaintiff's objection, the three Reeves notes and chattel mortgages, and proving their payment, as these notes and mortgages had been eliminated from the case by the stipulation entered into between the parties. We are of the opinion that, although not properly admitted, the admission did not constitute reversible error; for by the stipulation it was admitted that the amount secured by the notes and mortgages had been paid since the commencement of the action. It is true that the admission of these notes and chattel mortgages incumbered the record, and that they might, with other matter printed in the abstract, have been properly omitted therefrom; but the admission of immaterial evidence, though it increases the size of the bill of exceptions, does not necessarily constitute reversible error, unless it tends in some way to prejudice the appellant, and, as before stated in this case, we fail to see how the plaintiff was prejudiced by the admission of these notes and mortgages which had been eliminated from the case by the stipulations.

[6] It is further contended by the plaintiff that the judgment is erroneous, in that it awards the chattel mortgage property to both defendants, although the defendant Rudolph Miller in his answer denied the ownership of the property, and only asked that the complaint be dismissed as to him. But this error does not constitute reversible error, as it was competent for the trial court, on motion in that court, to correct the error by correcting the judgment to conform to the pleadings.

In the case of Alpers v. Schammel, 75 Cal. 590, 17 Pac. 708, the learned Supreme Court of California, in considering a judg-

ment that had been entered against a party who was not properly included therein, reversed the judgment of the court below, and directed that the judgment should be modified by striking out the name of one Bolte, against whom judgment had been improperly rendered, and in its judgment the court says: "The order denying a new trial is affirmed. The judgment is reversed, and the cause remanded to the court below, with directions to modify the judgment in the manner pointed out, and as so modified is affirmed. But, as this modification might have been made in the court below without appeal to this court, the appellant will recover no costs on this appeal."

Clearly in the case at bar the judgment of the circuit court could have been corrected to correspond to the pleadings in the circuit court by motion, and as the same power exists in this court the judgment of the circuit court is reversed, with the direction to that court to modify its judgment by striking therefrom the name of Rudolph Miller, and rendering the judgment in favor of Alda M. Miller, and the judgment when so modified is affirmed. The order denying a new trial is affirmed, and, as the judgment could have been corrected in the circuit court without appeal to this court, the appellant will recover no costs in this appeal.