[L. A. No. 7105. In Bank.—September 13, 1922.]

## TRANS-PACIFIC TRADING COMPANY (a Corporation), Respondent, v. PATSY FROCK & ROMPER COMPANY (a Corporation) et al., Defendants; WM. I. ZIDELL, Appellant.

[1] Judgments—Action Against Several Defendants—Default of One Defendant—Authority of Clerk.—In an action on contract against several defendants, the clerk has no authority under subdivision 1 of section 585 and section 414 of the Code of Civil Procedure to enter a judgment on a default against one of the defendants, but his authority is limited to the entry of the default.

[2] Id.—Several Judgment—Discretion—Construction of Code.—Under section 579 of the Code of Civil Procedure which provides that in an action against several defendants the court may in its discretion render judgment against one or more of them leaving the action to proceed against the others whenever a several judgment is proper, the discretion vested is a judicial one to be exercised by the court, and not the clerk.

[3] Id.—Breach of Contract—Sale of Goods—Sufficiency of Complaint.—A complaint in an action against a corporation and its stockholders which alleges the execution by the corporation of a written order for the purchase of goods, its acceptance by the plaintiff, the delivery of a part of the order and payment therefor, the refusal without cause to accept the remainder, the sale thereof after notice in open market at the best price obtainable and the difference between the contract price and sale price, is sufficient to give the court jurisdiction and a judgment rendered thereon is valid.

APPEAL from a default judgment of the Superior Court of Los Angeles County and from an order denying a motion to set aside the default and judgment. Edwin F. Hahn, Judge. Order reversed; judgment vacated; default to stand.

The facts are stated in the opinion of the court.

Meserve & Meserve for Appellant.

J. Marion Wright for Respondent.

2. Entry of default judgment by clerk without required order of court as void or voidable, note, 16 **Ann. Cas.** 1211.

LAWLOR, J.—Wm. I. Zidell, one of the defendants, appeals from a judgment entered against him on his default, and from an order denying his motion to set aside the default and judgment.

Respondent, the Trans-Pacific Trading Company, commenced this action on December 1, 1920, alleging in its complaint that the Patsy Frock and Romper Company and itself were duly organized corporations; that defendant Patsy Frock and Romper Company and appellant executed a written order directed to respondent, by which the defendants agreed to buy 330 bolts of Japanese cotton crepe for a total sum of $5,940; that on April 21, 1920, respondent accepted the order; that it delivered to defendants and received payment for 164 bolts of the crepe; that thereafter, on April 27, 1920, without cause or reason therefor, defendants notified respondent that they would not accept or receive any more of the crepe; that on November 17, 1920, after giving defendants reasonable notice, and giving the notice required by law, respondent sold the balance of the crepe in open market at the best price obtainable, for the sum of $996; that the expense of the resale was $55; that the difference between the resale price and the contract price was $1,992. It was alleged that appellant owned five hundred shares, defendant Florence Westover 250 shares, and defendant S. B. Lafferty 250 shares of the total of one thousand shares of the capital stock of the defendant Patsy Frock and Romper Company, and that there was due and owing from them $996, $498 and $498, respectively.

For a second cause of action respondent alleged that on May 12, 1920, the defendant Patsy Frock and Romper Company and appellant ordered five hundred bolts of Japanese cotton crepe at a total price of $8,200; that respondent on May 13, 1920, accepted the order; that defendants refused to accept any of the crepe, which was sold, at an expense of $55, for $3,000, or $5,200 below the contract price; and that there was due and owing from appellant $2,600, from defendant Florence Westover, $1,300, and from defendant S. B. Lafferty, $1,300. Judgment was prayed against the corporation for $7,192, against appellant Wm. I. Zidell and defendants Florence Westover and S. B. Lafferty for $3,596, $1,798 and $1,798, respectively.

Appellant failed to appear and answer the complaint and on December 21, 1920, his default was entered by the clerk. Pursuant thereto the clerk, on July 22, 1921, entered judgment against him as prayed. On August 11, 1921, more than six months after the entry of the default, appellant moved to set aside the default and judgment on the grounds that the complaint did not state a cause of action, and that no authority existed for the entry of the default and judgment by the clerk. The motion also asked for relief under section 473 of the Code of Civil Procedure.

In support of his motion appellant filed affidavits of himself and of Edwin A. Meserve, his attorney, which were to the effect that appellant's failure to appear in the action was due to a misunderstanding between appellant and the said Edwin A. Meserve, appellant supposing that the said Edwin A. Meserve was appearing for him, and the said Edwin A. Meserve believing he had been retained by defendant S. B. Lafferty to represent all the defendants except appellant, who, he believed, was represented by other counsel.

On August 26, 1921, the motion was denied and this appeal is from that order and the judgment.

[1] Respondent's entire argument is addressed to the question of whether or not the judgment is void because the complaint failed to state a cause of action. Appellant, however, also contends that the clerk was without power to enter the default and judgment against appellant.

Section 585, subdivision 1, of the Code of Civil Procedure, is as follows: "In an action arising upon contract for the recovery of money or damages only, if the defendant has been personally served and no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount demanded in the complaint, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section four hundred and fourteen." Section 414 provides that "When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may pro-

ceed against the defendants served in the same manner as if they were the only defendants."

In *Crossman* v. *Vivienda Water Co.,* 136 Cal. 571 [69 Pac. 220], the same point, that under section 414 the clerk could not enter the judgment because all the parties had been served with summons and were before the court, was presented but not decided. It is clear that no authority is vested in the clerk by the sections above quoted to enter a judgment when all the defendants have been served and are before the court, even though a joint and several judgment would be proper. Section 414 is expressly limited to cases where some only of the defendants have been served with summons. In *Junkans* v. *Bergin,* 64 Cal. 203 [30 Pac. 627], the court declared: "The clerk is a minister or servant of the law, to act in that state of the case in which the law orders him to act. Then only is his action valid"; and in *Stearns* v. *Aguirre,* 7 Cal. 443, 449, it was said: "If a judgment is pronounced by a court having jurisdiction, no matter how irregular it may be, it must stand until set aside, or reversed on appeal; but when entered by a mere ministerial officer, without authority of law, it is wholly void."

However, it is apparent that the words of limitation—"in the cases provided for in section four hundred and fourteen"—relate only to the provision for entry of the judgment by the clerk and not to the entry of the default. The clerk is directed to enter the default of a defendant in all cases of the class mentioned in subdivision 1 of section 585, but to enter judgment only in the cases provided in section 414. That this is the meaning of the section is shown by the statement of this court in *Alpers* v. *Schammel,* 75 Cal. 590, 593 [17 Pac. 708], wherein two of three defendants were served and appeared, but where there was no evidence that the third had been served. A verdict was rendered against all three, concerning which it was said: "This verdict could only regularly have been against the defendants who appeared and answered. It could not have been against Bolte if he was served, and had lived until the trial, unless he had answered. *If he was served and failed to answer, then his default should regularly have been entered."* (Italics ours.) It follows that the act of the clerk in enter-

ing the default was proper, but that he acted in excess of his powers in entering the judgment.

[2] In the case at bar all the defendants had been served, and the complaint prayed judgment against appellant and his codefendants, except the corporation, for the amount of their liability as stockholders. The liability of the defendants and appellant as stockholders being several (*Brown* v. *Merrill,* 107 Cal. 446 [48 Am. St. Rep. 145, 40 Pac. 557]), the case falls under section 579 of the Code of Civil Procedure, which provides: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." Under this section the discretion vested is a judicial one, to be exercised by the court, and not the clerk. The court erred in refusing to exercise this discretion and vacate the judgment entered by the clerk against appellant. If the trial court sees fit to render another judgment of like effect its action will be valid unless it involves an abuse of discretion. If it refuses to do so, the case can proceed to trial upon the issues tendered by the answers of the other defendants, and at its conclusion a judgment may be rendered settling the rights and obligations of all the parties, including those of appellant.

Appellant's second point is that the judgment is void because the complaint does not state a cause of action in that there is no allegation as to what was the market value of the goods in question at the place of delivery; that title to them had passed to appellant and his codefendants or that in consequence thereof respondent had a lien on the goods in his possession for the purchase price; that the goods were in existence or in respondent's possession; that the contract between the parties was a sale and not an agreement to sell or as to what the value of the goods was in the market nearest the place where the goods should have been delivered. It was said in *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]: "The respondent contends further that the judgment is void because the complaint fails to state a cause of action. [3] It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it

apprises the defendant of the nature of the plaintiff's demand. [Citing cases.] We think the complaint herein sufficiently states a cause of action to inform the defendant of the nature of the claim against him and to give the court jurisdiction of the cause." It appears from the description we have already given of the complaint that it was ample to give the court jurisdiction of the cause.

The order is reversed and the trial court is directed to vacate the judgment entered by the clerk, the default to stand.

Myers, J., *pro tem.*, Lennon, J., Waste, J., Sloane, J., Richards, J., *pro tem.*, and Shaw C. J., concurred.