Argued March 12, affirmed April 8, 1924.

## EDWARD FRIDAY v. R. J. ROWEN AND GEORGE S. BARTON.

(224 Pac. 632.)

**Partnership—Writings Held Properly Excluded as not Inconsistent With Partnership.**

1. Where plaintiff suing for work and labor performed and goods furnished claimed that one defendant represented to plaintiff that he and the other defendant were partners, various writings offered by the first defendant, such as newspaper notices and contracts made with the other defendant only, *held* inadmissible because not inconsistent with the asserted partnership.

**Partnership—Statement by Defendant That He was a Member of a Partnership Held Admissible.**

2. A statement by one defendant that he and the other defendant were partners *held* admissible both as an admission against

interest tending to prove actual partnership, and as a holding out of a partnership upon the strength of which plaintiff performed work and labor and furnished materials.

**Estoppel—Defendant Inducing Plaintiff to Believe Partnership Existed Estopped from Denying It.**

3. If defendant by his declarations induced plaintiff to believe that he and another were partners and plaintiff performed work and labor and furnished materials on the strength of these declarations, defendant is estopped from denying the existence of the partnership.

**Appeal and Error—Judge's Erroneous Remarks During Trial Held not Prejudicial Error.**

4. Where the judge correctly instructed the jury, his erroneous remarks in the course of the trial which were more favorable to appellant than to respondent *held* not prejudicial error.

**Judgment—Judgment Rendered in Suit in Which Plaintiff was not a Party No Estoppel or Evidence Against Him.**

5. Where plaintiff's cause of action against an alleged partnership accrued in 1918, a decree rendered in 1921 in a suit in which plaintiff was not a party, to the effect that the defendants were not partners, *held* valueless both as substantive evidence and as an estoppel.

From Josephine: F. M. CALKINS, Judge.

Department 2.

This is an action to recover from the defendants on account of work and labor performed and for certain goods furnished. The complaint sets forth that between the first day of February and the fifteenth day of August, 1918, plaintiff performed work and labor in freighting and hauling for the defendants, of the reasonable value of $2,261.78, no part of which has been paid except the sum of $850, and that $1,411.78 still remains due and unpaid by defendants to plaintiff, with interest from the fifteenth day of August, 1918, at the legal rate. For a separate cause of action plaintiff alleged that at the oral instance and request of defendants plaintiff furnished 150 feet of ⅝-inch cable to defendants, of the reasonable value of $37.50, payment of which is past due and no part of which has been paid.

The defendant Rowen made default and the defendant Barton answered by a general denial. There was a jury trial and a verdict for plaintiff, from which defendant Barton appeals.

Plaintiff testified that defendant Barton told him at different times that he (Barton) and Rowen were partners in the operation of the Golconda Mine; amongst other things, saying that he and Rowen were partners in that mine "fifty-fifty." Plaintiff testified to several declarations of Barton that he was a partner, and that Barton was around the mine, giving orders in regard to hauling freight, and was at the mine about as much as Rowen was, and that he accepted these statements as true and relied upon Barton for his pay just as much as he did upon Rowen. Other witnesses testified to the fact that Barton was around the mine and giving orders very much to the same extent as Rowen did, and one witness testified to declarations of Barton that he was a partner.

The defendant, to contradict this, offered in evidence a notice signed by the Golconda Mining Company, dated November 24, 1917, setting forth that said company had entered into a contract and lease of its properties to R. J. Rowen, and warning all persons furnishing labor or material that said company would not be responsible for debts contracted by the lessee; which notice generally covered the provisions of the Oregon labor lien law. There was an affidavit by Barton as to the posting of the notice. Evidence supporting such offer was objected to and the objection sustained by the court.

Defendant also offered a contract by Rowen with the Atlantic Ore Alloys Company, dated December 10, 1917, to furnish the Golconda Mining Company with 5,000 tons of chromite as expeditiously as possible,

on terms therein expressed; which offer was over-ruled by the court. Defendant also offered an agree-ment between Rowen and Collard, Moore and others, dated March 29, 1917, whereby Collard, Moore and others agreed to sell to Rowen all the chromite ore which should be mined from the Golconda properties during a period of two years from date, upon terms therein agreed upon, retaining in Collard, Moore et al. the right to re-enter said properties and mine the ores in case of failure of Rowen to carry out his con-tract; which offer was overruled by the court. De-fendant also offered a supplemental contract to the above, which offer was overruled. Defendant offered an article from a Grants Pass newspaper, setting forth the fact, as a matter of news, that Rowen had entered into a contract to work the properties, evi-dently having reference to the preceding contract and probably about the same date; also another news-paper item, the date of which is not shown in the ab-stract, but evidently about the time that Rowen's contract with the Golconda people was finally exe-cuted, stating that Rowen now had a contract for working the Golconda properties and predicting a great future for the mine; also a transcript of the pleadings, findings and decree in a suit of R. J. Rowen against Barton and others in which it was found and decreed, on January 3, 1921, that no partnership existed between Rowen and Barton. All these offers were rejected by the court.

In the course of the trial, but before its conclu-sion, and referring to the offers before mentioned, the court made the following remarks:

"(By the Court): As I understand this case, it is not a case of holding out. The plaintiff's testimony holds that an agreement, so far as his testimony is

concerned, between himself and Rowen and Barton, and this is not a case of his trying to hold them by reason of holding out in some particulars. He has not offered any testimony to disclose the holding out, but his testimony is to the effect that he had an agreement himself with them, and with both of them, and therefore this would not be admissible, and furthermore it would be necessary before it was admissible to show that it was brought to the attention of the plaintiff.

"(By Mr. Johnston): Well, if the court please, I think there was testimony offered here over my objection. Mr. Barton made a statement to the people that they were partners and that, as I understand, is holding out and evidence of holding out.

"(By the Court): Well, I didn't so understand the evidence. I admitted it on the theory that it was an oral statement or an admission against interest and not as holding out of partnership. The complaint has alleged, if the jury shall believe, that Mr. Rowen and Mr. Barton entered into a contract with Mr. Friday and that Mr. Friday provided in that contract that Mr. Rowen and Mr. Barton would be responsible. On the other hand, if the defendants' evidence is accepted in the matter, that they did not have any such a contract, there is not anything offered on the plaintiff's side, and he has rested, that would sustain a holding out. It is not on that—in that respect that evidence was admitted."

In its instructions to the jury the court practically instructed both as to the evidence necessary to constitute the fact of the partnership and as to the law relative to the defendant holding himself out as a partner. There is no question in dispute as to the instruction being correct in the abstract, but it is claimed by the defendant that the question of the defendant holding himself out as a partner was incorrect in view of the remarks of the court before alluded to.                                       AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. N. Johnston.*

For respondent there was a brief and oral argument by *Mr. A. C. Hough.*

McBRIDE, C. J.—1-3. We see no error in the ruling of the court excluding the various writings offered by the defendant. They were not, any of them, inconsistent with a partnership between Rowen and the defendant. It would be entirely consistent with these papers that Rowen should have secured a contract for the mining of the ores and sale of them and that he had been taken in as a partner to assist in carrying out the contract. The evidence of the statements of Barton, which, so far as the bill of exceptions shows, were undenied, was admissible, both as admissions against interest tending to prove an actual partnership and as a holding out of a partnership, upon the strength of which the plaintiff performed the work and labor and furnished the material set forth in the complaint. It is clear that if Barton made these declarations and thereby induced plaintiff to believe them and perform the work and labor and furnish the material, he is estopped from denying that he is a partner. The law under such circumstances will conclusively assume that he is a partner.

This case differs from the cases cited by counsel wherein the fact that one person was assuming to act as a partner was denied by the other alleged partner before the cause of action arose under circumstances of such publicity as would reasonably have imparted notice to the person performing the work; which conditions are not in this case. So far

as appears from the bill of exceptions Barton never denied before the work was performed that he was a partner; nor has he, so far as the bill of exceptions shows, denied it in this action except by way of answer to the complaint; nor is there anything in the testimony tending to bring home to plaintiff a knowledge of the newspaper publications referred to, and even if such testimony existed, it would have no weight as against the declarations made by Barton himself to plaintiff and others that he was actually a partner; for, as before stated, these facts might be true and still a partnership exist between Barton and Rowen.

4. The remarks of the judge quoted above simply indicate that in the course of the trial he had strayed somewhat in his ideas from a correct definition of what constituted a holding out of one person as a partner of another; in which remark we think he was wrong. But the remarks, if they had any influence with the jury, would rather tend in favor of the defendant and against the plaintiff. At the conclusion of the trial and when he came to charge the jury, the judge seemed to have gotten himself correctly oriented and laid down the law in exact conformity with the authorities.

5. The decree rendered in 1921 in a suit between Rowen and Barton and others, wherein it was found and decreed that Barton was not a partner of Rowen, was clearly inadmissible. Plaintiff was not a party to the proceedings, which were commenced long after plaintiff's cause of action accrued, and the decree was valueless both as substantive evidence and as an estoppel.

The judgment is affirmed.          AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.