CANNON, Appellant, v. MERCHEN, as Chairman of the School
Dist. Board of Blackpipe, etc., et al, Respondents.

(223. N. W. 824.)

(File No. 6697.   Opinion filed March 8, 1929.)

Windsor Doherty, of Winner, for Appellant.

C. F. Manson, of White River, for Respondents.

MISER, C. Appellant entered into a teacher's contract with the board of education of Blackpipe school district No. 8, agreeing to teach the Norris school for nine months, commencing September 6, 1926, at a salary of $125 a month. This contract was executed on May 1, 1926, by appellant as teacher and by C. H. Merchen, president, and O. A. Hodson, treasurer. At the annual school district election in June, the electors voted to pay no teacher over $100 per month. At this meeting, respondent Putnam, clerk of the board, and respondent Kary, who succeeded Hodson as treasurer, threatened to prevent appellant from teaching, and thereafter notified appellant that her services would not be needed. Appellant brought suit to enjoin respondents Putnam and Kary from interfering with her in carrying out her contract. The summons was dated September 2, 1926. In the judgment rendered March 30, 1927, respondents were enjoined from interfering with appellant in teaching in said school district. The judgment further recited: "It is further ordered and adjudged that plaintiff has a valid contract with the said school district board for teaching the Norris school for nine months commencing September 6, 1926, which has been modified so that she is to receive $100 per month, payable at the end of each month, for said services."

This appeal is from the judgment, in so far as it reduced plaintiff's salary from $125 per month to $100. As grounds for reversal, appellant claims that the court had no jurisdiction to render its decision modifying the contract as aforesaid, as not within the issues, and because the electors had no right to change the terms of the contract. The sole question argued in the briefs of counsel is whether the powers granted or reserved to the electors of a common school district by section 7456, R. C. 1919, to instruct the district board on subjects pertaining to the schools, include the power to modify a contract entered into prior to the annual meeting by former members of the board.

The object of appellant's suit was to enjoin respondents from interfering with her teaching of the school. The portion of the judgment from which no appeal has been taken grants her the

relief prayed for, excepting only that no costs were allowed, and from this no appeal has been taken.

██ While the caption of the pleadings gives as defendants "C. H. Merchen as Chairman of the School District Board of Blackpipe School District No. 8 of Mellette County, South Dakota, and P. H. Putnam as Clerk of said Board and Mrs. W. F. Kary, Sr., as Treasurer of said Board," there is no reference in the body of the complaint to the school district or board as defendants. Indeed, only respondents Putnam and Kary are specifically referred to therein as defendants. This is true of the court's findings. In its conclusions of law, the court states that plaintiff is entitled to a permanent injunction restraining defendants Putnam and Kary from interfering with or molesting plaintiff in teaching said school. The language of the judgment is: "That the defendant, P. H. Putnam, as Clerk of the School Board of said school district and Mrs. W. F. Kary, Sr., as Treasurer of said school district board, and each of them individually, are permanently enjoined and restrained from in anywise attempting to, interfering with, or molesting the plaintiff in teaching what is known as the Norris school within said school district for the full term of her contract, unless they do so by official action, as officers of the said school district board in the manner provided by law."

It therefore appears that, despite the language of the caption of appellant's complaint, neither the parties litigant nor the court regarded the school district as a party to the action. Moreover, the school district of which these respondents were the officers is, by section 7448, R. C. 1919, a corporation and may be sued as such. If any salary is due appellant from the Blackpipe school district No. 8, and she cannot obtain it without suit, she should sue the school district. Sproul v. Smith, 40 N. J. Law, 316; Donnelly·v. Duras, 11 Neb. 283, 9 N. W. 45; Voorhees Laws of Public Schools, § 26, p. 52.

When the court enjoined the defendants Putnam and Kary from interfering with plaintiff in teaching the school, it determined all the rights of the parties within the issues. When the court proceeded to adjudge that the contract of the school district, which school district was not a party to the suit, was modified, when no modification was sought, such purported adjudication was not a final determination of the rights of appellant against the school

·district. The school district not being a party to the suit, and the trial court having proceeded beyond the issues to adjudge that the contract with the school district had been modified, such purported adjudication did not become res judicata. Freeman on Judgments (5th Ed.) '§ 671, p. 144. The language complained of might have been stricken on appellant's motion without any necessity for an appeal to this court. First Nat. Bank v. Miller, 28 S. D. 333, 133 N. W. 264; 34 C. J. 236, § 455.

An appeal will lie in this state from a part of a judgment. Section 3146, R. C. 1919; Male v. Harlan, 12 S. D. 627, 82 N. W. 179; Belle Fourche V. R. Co. v. Land Co., 28 S. D. 289, 133 N. W. 261; 3 C. J. 466. Whether the language complained of is such a 'part of a "judgment" as may be appealed from, we do not decide, no question as to its appealability being raised.

■ While the briefs of counsel are devoted exclusively to the interpretation of section 7456, R. C. 1919, in the light of section 7488 and other sections of our school law, this court cannot determine these questions of law without falling into the identical error into which the trial court was led. If not within the issues in the trial court, as appellant at least asserts, they are not within the issues in this court.

■ Assuming the part of the judgment appealed from to be appealable, it is reversed; but, because this end might have been atttained by motion to the trial court without any necessity for appeal, no costs will be taxed in favor of appellant. First Nat. Bank v. Miller, supra.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

BROWN, J., absent and not sitting.