Argued December 19, 1933; affirmed January 30; rehearing denied
February 27, 1934

# BARTHOLMAE OIL CORPORATION *v.* BOOTH

(28 P. (2d) 1083)

*John W. Reynolds,* of Portland (Reynolds, Flegel & Smith, of Portland, and Joseph E. Bien and Werner Olds, both of San Francisco California, on the brief), for appellant.

*A. E. Clark* and *John W. Shuler,* both of Portland (Clark & Clark and William S. Nash, all of Portland, on the brief), for respondent.

CAMPBELL, J.   Defendant was the owner of one-twentieth of the capital stock of the Oregon Oil and Development Company, hereinafter referred to as the Oregon company, an Oregon organized corporation with authority to engage in all phases of the oil busi-

ness in any state of the United States. Plaintiff is a California corporation. On August 24, 1923, plaintiff and W. R. McDonald entered into a contract whereby plaintiff agreed to drill an oil well on certain real estate in Los Angeles county, California, for which said W. R. McDonald agreed to pay plaintiff the sum of $110,000. This contract was later modified but such modifications are not material to the determination of the case in this court.

On December 23, 1923, said W. R. McDonald, with the consent of plaintiff, assigned all his right, title and interest in said contract to the Oregon company who assumed and agreed to all of the obligations of the assignor.

Plaintiff alleges performance of the contract during the year 1924 and that, by reason thereof, there is a balance due it of $62,978.79 for the payment of which, under the constitution and laws of the state of California as they existed at the time said indebtedness accrued and which were pleaded by plaintiff, defendant is liable for one-twentieth of that amount.

The trial court refused plaintiff permission to file a supplemental complaint it offered for filing, wherein it alleged that since the filing of the amended complaint herein the Superior Court of California for Los Angeles county had entered a judgment in favor of plaintiff herein and against the Oregon company in the same amount and arising out of the same contract and state of facts as in the instant case, and that said judgment was affirmed by the appellate courts of California. It further alleged that the judgment against the corporation was "by the law of California *prima facie* proof in an action against a stockholder of the liability of the corporation so adjudged".

Defendant filed an answer in which he admitted the organization of the Oregon company, its authority to engage in the oil business in the state of California and all the other states and territories of the United States. He admits that the law of California was as set out at length in the amended complaint but alleges that the article of the constitution of California, providing for such liability for the stockholders of a corporation, was repealed at a general election November 4, 1930, and that the statute of California covering the same subject was repealed by the legislature of California, April 20, 1931, but admitted that said repealing act carried the provision: "That the repeal of said section should not impair or affect any remedy or cause of action or any liability incurred or accrued under said section prior to the time the repealing act took effect." He further alleged that by the repeal of the said constitutional provision the alleged right of action of plaintiff herein was destroyed. The answer admitted the contract between McDonald and plaintiff and the assumption of the same by the Oregon company and attached a copy of the original contract to the answer as an original exhibit. Defendant also pleads "that long prior to the commencement of the action, plaintiff was fully paid all sums due and owing by reason of any and all the matters and things alleged in the complaint".

Plaintiff's reply admits that the constitution of California was amended November 4, 1930, by doing away with the stockholder's liability in a corporation so far as his liability is concerned in a case where the liability arose or matured after such repeal. It also denied the plea of payment.

Upon the trial of the cause, plaintiff put in evidence its articles of incorporation and the articles of incor-

poration of the Oregon company, which specifically mentions California and Texas as states in which it is authorized to do business, and then offered a certified transcript of the judgment roll in the California action referred to in the proposed supplemental complaint. Upon objection by defendant, the judgment roll was rejected on the grounds that it was incompetent and irrelevant. Plaintiff then offered the report of the opinion of the California Supreme Court in the case of *Ellsworth v. Bradford,* 186 Cal. 317 (199 P. 335), to show that such a judgment is evidence against a stockholder in an independent suit on his separate liability in the state of California. This also was rejected on objection by defendant. Plaintiff then offered the report of the opinion of the California District Court of Appeals in the case of *Bartholomae Oil Corp. v. Oregon Oil and Development Company,* 106 Cal. App. 57 (288 P. 814), which also was rejected. Plaintiff thereupon made the formal proof of all the foregoing, and rested its case. Thereupon defendant moved for a non-suit which was granted. Plaintiff appeals, assigning as error the ruling of the trial court:

"1. In denying plaintiff leave to file its Supplemental Complaint;

2. In excluding from evidence the judgment roll in the case of *Bartholomae Oil Corporation v. Oregon Oil and Development Company;*

3. In excluding from evidence the report of the case of *Ellsworth v. Bradford;*

4. In excluding from evidence the report of *Bartholomae Oil Corporation v. Oregon Oil & Development Company* in the Appellate Court;

5. In granting defendant's motion for non-suit."

All the above assignments of error really rest on the question of whether it was error on the part of the

court to refuse to admit in evidence the judgment roll in the case of *Bartholomae Oil Corporation v. Oregon Oil and Development Company*. If the court was right in this respect, the other assignments of error would be immaterial. No objection was taken to the offer of the above items of evidence on the ground of lack of authentication or certification.

Plaintiff claims that the refusal to receive the judgment roll in evidence was a violation of section 1, article 4 of the United States Constitution, usually referred to as the full faith and credit clause of the constitution. The judgment roll offered shows a judgment in favor of the plaintiff herein against defendant Oregon Oil and Development Company, the company in which defendant herein was a stockholder at the time the alleged breach of the contract on which the judgment in the judgment roll is based.

At the time the debt accrued, section 3, of Article 12 of the Constitution of California, provided in part as follows:

"Each stockholder of a corporation, or joint stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association."

Section 322 of the Civil Code of California in substance has the same provision and also provides:

"Any creditor of the corporation may institute joint or several actions against any of its stockholders * * *. The liability of the stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred * * *. The liability of each stockholder of a corporation formed under the laws of any other state * * * and doing

160

business within this state, is the same as the liability of a stockholder of a corporation created under the constitution and laws of this state.''

The liability alleged against defendant in the instant case arose and matured during the years 1923 and 1924. In November, 1930, the section of the constitution above quoted was amended so as to relieve a stockholder of such liability. In April, 1931, section 322 as above quoted was repealed. However, the repealing act contained a clause saving all rights and remedies or liability incurred or accrued prior to the taking effect of the repealing act.

■■ It was not a violation of section 1, Article 4 of the United States Constitution (the full faith and credit clause), to refuse to admit the judgment roll in evidence. This provision of the constitution is for the purpose of enabling a party thereto to establish a judgment, or the effect thereof, of one state, in the courts of another. A judgment can only be binding between the parties or their privies to the action in which the judgment was rendered. Said section of the United States Constitution does not require a court to give full faith and credit to a judgment of another state as evidence against one who was not a party to it: *Engelhard v. Schroeder*, 278 Fed. 341; *D'Arcy v. Ketchum*, 52 U. S. 165 (13 L. Ed. 648). There is a very full discussion in *Bigelow v. Old Dominion Copper Company*, 225 U. S. 111 (32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875).

■■ There appears to be some conflict in the authorities as to who are privies to a judgment, but the weight of authority is that such judgment is not admissible as against one who is not a party or privy thereto. There is also much conflict regarding the effect that should be given to a judgment of another state against a

corporation, under the full faith and credit clause, as against a stockholder over whom the court rendering the judgment had no jurisdiction. It would run this opinion to an unreasonable length to attempt to review all the cases in the different states and to distinguish the different constitutional provisions and laws under which the decisions were made. It would, however, appear that if the judgment creditor of a corporation was trying to enforce the judgment as to some indebtedness or liability of the stockholder to the judgment debtor corporation, or where the stockholder is not primarily liable, the judgment is binding and conclusive against the stockholder. That is, the judgment is binding against any of the assets of the judgment debtor corporation: *Ellsworth v. Bradford,* 186 Cal. 316 (199 P. 335); *Muller v. Coast Counties Gas & Electric Co.,* 271 P. 338. On the other hand, if the judgment against the corporation is being used to establish a primary and independent liability of the stockholder to the judgment creditor, although that liability arose out of the same transaction as the one upon which the judgment is founded, then such judgment is not evidence of the liability of the stockholder: *Assets Realization Co. v. Howard,* 211 N. Y. 430 (105 N. E. 680); Id., 70 Misc. 651 (127 N. Y. S. 798). (See authorities above cited.)

It will be observed that under the constitution and laws of California, supra, the stockholder's liability is primary and exists independent of any action or judgment against the corporation.

"The liability has been declared by this court to be of the same nature as that of an individual partner to the partnership debts. Mokelumne, etc. v. Woodbury, 14 Cal. 265; Robinson v. Bidwell, 22 Cal. 388; Davidson v. Rankin, 34 Cal. 505." Ellsworth v. Bradford, *supra*; Muller v. Coast Counties Electric Co., *supra*.

The defendant in the instant case was not a party to the action, nor was he in privity with any of the parties thereto: *Muller v. Coast Counties Gas & Electric Co.*, supra. The corporation of which he was a stockholder had no right to represent him in any litigation in which he was primarily liable; he did not have any right to cross-examine witnesses nor to introduce any evidence or to appeal from the judgment.

"He was not a party to the action nor in privity with either the plaintiff or defendant in the action and hence he had no right to make a defense or to control the proceedings or to appeal from the judgment. He could neither offer testimony in defense of the action nor cross-examine any witness who might be called to give evidence * * * in that action. Not having a right to do any of these things, and there being no identity of interest in the subject matter of that action between this defendant and the defendant in that action, he was a stranger to the cause, and as to him the judgment is not evidence of the facts recited in it. The term 'privity', says Mr. Greenleaf, 'denotes mutual or successive relationship to the same rights of property', and the term 'parties' 'includes all who are directly interested in the subject matter and have a right * * * to appeal from the judgment.' 1 Greenleaf on Evidence (16 Ed.), §§ 189, 523.'' Vanderpool v. Burkitt, 113 Or. 656 (234 P. 289); Friday v. Rowen, 111 Or. 7 (224 P. 632).

"The fundamental rule on this subject undoubtedly is that the record of a judgment or decree *in personam* or *quasi in rem* can effect only parties and privies, * * *. All other persons are strangers and the judgment is not binding upon them: Starkie on Evidence, (10th Ed.), 318; Black on Judgments, §§ 600, 794; 1 Herman on Estoppel, § 299; Freeman on Judgments, § 154; Freeman v. Alerson, 119 U. S. 185.'' Morrison v. Holladay, 27 Or. 175 (39 P. 1100); Northwestern Clearance Company v. Jennings, 106 Or. 291 (209 P. 875, 210 P. 884).

■ Appellant contends that the judgment roll, offered in evidence, is admissible under section 9-207, Oregon Code 1930, which reads as follows:

"And where the question in dispute between the parties is the obligation or duty of a third person, whatever would be evidence for or against such person is primary evidence between the parties."

This statute is similar to the California statute on the same subject. The question in dispute in the instant case is not what was the duty or obligation of a third person but what was the obligation of the defendant? It is true that in *Ellsworth v. Bradford,* supra, the court permitted the judgment roll to be admitted as *prima facie* evidence under that statute, but we cannot follow the learned court on that proposition. The decisions of the California Supreme Court are practically uniform that the obligation of a stockholder under the California Constitution and laws, as it existed at the time the liability accrued in the instant case, "is an independent, original liability * * * stockholders are held to be primarily liable as principal debtors, and not as sureties or guarantors": *Ellsworth v. Bradford,* supra, citing *Young v. Rosenbaum,* 39 Cal. 646; *Sonoma Bank v. Hill,* 59 Cal. 107; *Hyman v. Coleman,* 82 Cal. 650 (23 P. 62, 16 Am. St. Rep. 178); *Brown v. Merrill,* 107 Cal. 446 (40 P. 557, 48 Am. St. Rep. 145); *McGowan v. McDonald,* 111 Cal. 57 (43 P. 418, 52 Am. St. Rep. 149); *Eva v. Andersen,* 166 Cal. 420 (137 P. 16). That the stockholder is liable for claims arising out of torts to the same extent as on claims arising on contract: *Muller v. Coast Counties Gas & Electric Company,* supra, and the cases cited therein at page 339.

■ The reason the court below was asked to receive the judgment in evidence was because under Article

4, section 1, of the United States Constitution, said judgment was entitled to full faith and credit in the courts of this state. If it was entitled to admission in evidence on that ground then it only could be attacked for lack of jurisdiction of the court rendering it, or for fraud or collusion between the parties. That is, we would not be extending full faith and credit by admitting the judgment as *prima facie* evidence and then proceed to litigate the very question determined in the judgment.

◼ The courts of California do not extend full faith and credit to their own judgments in this kind of an action but have held that the liability of the corporation is an open question in a creditor's suit against the stockholder under Article 12, section 3, of the California Constitution: *Muller v. Coast Counties Gas & Electric Company,* supra. In the case last cited, the question at issue was how far a judgment against a corporation was binding against the judgment creditor therein in a suit on the same cause of action against a stockholder. The facts in the case were that plaintiff brought an action for personal injuries against a corporation and recovered judgment in the sum of $38,000. From that judgment, defendant corporation appealed. Following the rendition of the judgment, the same plaintiff commenced an action against the sole stockholder of the judgment debtor corporation. The case against the stockholder was brought for trial before a jury and resulted in a verdict for plaintiff and against the stockholder in the sum of $118,000. The court below refused to enter judgment for a greater sum than $38,000, the amount of the judgment against the corporation. The cause was taken to the District Court of Appeals and from there to the Supreme Court of the state. In a very full opinion, wherein the court re-

viewed a great many authorities, while holding that the judgment was *prima facie* evidence against the stockholder, the stockholder was by nowise bound by the finding. In summing up, the court says:

"The appeal presents a unique question so far as the adjudicated cases are concerned. Strangely, the question has never before been passed upon in this state; but, applying the well-settled principles of analogous cases, it is not difficult of solution. By way of recapitulation it may be said that the 'liability' and the 'judgment' are two different things. The stockholders can be held only on the original liability. The judgment against the corporation fixes the existence of this liability conclusively only as between the corporation and plaintiff. The liability of the corporation is an open question in the creditor's suit against the stockholder, the former judgment being merely prima facie evidence. It remains an open question as long as there has been no satisfaction of the first judgment. Consequently, the creditor may enforce his verdict against the stockholder, even though the jury found the original liability against the corporation in the action against the stockholder to be greater than the judgment against it showed.

"It has long been settled that the same matter may be litigated twice. In short the rule that before satisfaction a creditor may recover different judgments against the corporation and the stockholders in this state is the natural and logical conclusion from well-settled rules of law.

"Here the single question presented is whether the liability of the stockholders of a corporation in an action against them is limited to the amount recovered in a former action against the corporation. Whether the verdict is excessive or is supported by the evidence is not involved on this appeal.

"The verdict having been reduced for the sole reason that the liability of the stockholder could not exceed the amount of the prior adjudication against the

corporation, it follows that the judgment must be reversed and the cause remanded for proceedings in accordance with the view here expressed.''

In a later case the District Court of Appeals for the First District of California held that judgment in favor of a corporation in an action on tort was binding on the same plaintiff in an action against a stockholder of the same corporation on the same claim: *Triano v. Booth,* 120 Cal. App. 345 (8 P. (2d) 174).

Respondent contends that the liability of a stockholder in a corporation is goverened by the constitution and laws of the state in which the corporation is organized and domiciled. As a general rule, this is true: *Rasor v. West Coast Development Company,* 98 Or. 581 (192 P. 631); *Harrison v. Remington Paper Company,* 140 Fed. 385 (3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314); *Patterson v. Lynde,* 106 U. S. 519 (1 S. Ct. 432, 27 L. Ed. 265); *Tyler v. Dane County,* 289 Fed. 843. When a subscriber for stock in an Oregon corporation in which the articles of incorporation announce that the business in which it proposes to engage is ''to drill * * * oil wells in the oil fields of the states of Oregon, California and Texas or any other state * * *'', he thereby is presumed to consent to the corporation carrying out its objects and to contract in reference to the laws of the state in which the corporation proposes to do business: *Thomas v. Mathiessen,* 232 U. S. 221 (34 S. Ct. 312, 58 L. Ed. 577).

''And in this case the stockholders in their charter specified that the purpose of the incorporation was partly business beyond the limits of Colorado, and that the principal part of such outside business should be carried on in California. Not content to rely upon the general authority which by the rules of comity the Colorado corporation would have to enter California, and transact business therein, they in terms set forth

that a part of the purpose of the incorporation was the transaction of business by the corporation in California. Now when they in terms specified that they were framing a corporation for the purpose of having that corporation do business in California is it not clear that they were contracting with reference to the laws of that state? Contracting with reference to the laws of that state they must be assumed to know the provisions of those laws; * * * How can it be said that those laws do not enter into the contract and control as to all business done in pursuance of that contract within the limits of California?'' Pinney v. Nelson, 183 U. S. 144 (22 S. Ct. 52, 46 L. Ed. 125).

The case relied upon by respondent, *Risdon Iron and Locomotive Works v. Furness,* [1906] 1 K. B. Div. 49 (Eng.), is not out of harmony with *Pinney v. Nelson,* supra.

There are some other questions raised in the brief, but, taking the view we do on the foregoing points, they become of no importance.

It was not error to refuse the admission of the judgment roll in evidence, nor in granting an involuntary non-suit.

The judgment of the lower court is affirmed.

· ROSSMAN, J., did not participate in this decision.